UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VYSE GELATIN COMPANY,<br>an Illinois Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JT NATURALS USA, LLC a/k/a<br>JT NATURALS, LLC<br>and JEFFREY HICKS, individually<br><br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  NO. 17-CV-02937<br><br>  Judge Robert M. Dow, Jr. |

# Initial Joint Status Report

The Parties through their counsel submitted the Initial Status Report as follows:

**A. Attorneys of Record:**

Counsel for Plaintiff: Howard Marks, Berger, Newmark & Fenchel P.C.

Counsel for Defendants: Ankur Shah, Shah Legal Representation

**B. The Basis for Federal Jurisdiction:**

Removal and Diversity pursuant to 28 U.S.C 1441 and 28 U.S.C. 1332(a).

**C. The nature of the claims asserted in the complaint and counterclaim.**

1. Plaintiff has filed a five count Complaint.
2. Counts I, II and III of the Complaint are lodged against JT Naturals for Breach of Contract (I), Account Stated (II) and Unjust Enrichment (III) for amounts due for gelatin materials sold and delivered .
3. Counts IV and V were asserted against Hicks for Deceptive Practices under section 5/17-1 of the Illinois Deceptive Practices Act (IV) and Breach of Guaranty (V), related to the tender of NSF checks.
4. Defendants have not filed an Answer or any Counterclaims. Defendants filed a motion to quash on June 25, 2017. Defendants expect to file a motion to dismiss for lack of personal jurisdiction by June 26, 2017.

**D. The name of any party who or which has not been served.**

According to the plaintiff, all parties have been served and have appeared.

According to the defendants, service on Jeffrey Hicks is invalid due to expired summons.

**E.  The principal legal issues.**

According to plaintiff, whether or not defendant, JT Naturals, has breached its contract with plaintiff by failing to pay for materials ordered and purchased and accepted upon delivery by it. Whether or not defendant has breached its guaranty to plaintiff.  Whether or not defendant, Hicks, wrongfully tendered NSF checks under the applicable statute.

According to the defendants, whether defendants have been properly served and whether personal jurisdiction should be exercised by this Honorable Court after considering the requirements of Illinois' long arm statute, and state and federal constitutional protections.

**F.  The principal factual issues.**

According to the plaintiffs, the amounts due and owing to Vyse Gelatin for materials ordered and delivered to defendant, JT Naturals. The damages recoverable and arising out of the issuance of NSF checks in purported payment for the materials which are the subject of this action.

According to the defendants, whether defendants have been served properly and should be subject to suit in Illinois, in light of personal jurisdiction requirements.

**G.  Whether a jury trial has been demanded by any party.**

A request for a jury trial has not been made by any party.

**H.  A brief description of any discovery that has been taken and of the discovery anticipated to be required and suggested dates for discovery deadlines and cutoff.**

According to the plaintiff, no discovery has been taken by the parties.  Plaintiff may propound Requests to Admit and for the Requests for Production of Documents.

According to the defendants, defendants may propound all necessary discovery for any and all motions. Plaintiff's discovery should be suspended pending resolution of the defendants' motions.

The following Discovery Schedule is suggested:

      a.  Rule 26

According to the plaintiff, the parties will exchange the information required by Fed. R. Civ. P.

26(a)(1) by **July 12, 2017**.

According the defendants, unknown at this time.

      b. Non-expert Fact Discovery

According to the plaintiff, all non-expert fact discovery to be completed by **August 30, 2017.**

According to the defendants, unknown at this time.

      c. Reports from retained experts under Fed. R. Civ. P. 26(a)(2), if any, are due:

      None anticipated.

      d. All retained expert depositions to be completed by **: Not applicable.**

**I. The earliest date the parties would be ready for trial and the estimated length of trial.**

According to the plaintiff, this matter should be ready for trial by October 1, 2017 and it is estimated that it will require 1 to 1.5 trial days.

According to the defendants, unknown at this time.

**J. Whether the parties consent unanimously to proceed before a Magistrate Judge.**

According to plaintiffs, the parties have not yet discussed this matter; however, Plaintiff is willing to proceed before a Magistrate Judge.

According to defendants, unknown at this time.

**K. The status of any settlement discussions.**

According to the plaintiff, the parties have exchanged settlement positions and are currently engaged in active discussions regarding payment terms and a final amount.

According to the defendants, notwithstanding concerns regarding the appropriateness of this suit being brought in Illinois and service issues, offers have been made and exchanged between the parties.

**L. Whether the parties request a settlement conference.**

The parties have not determined the feasibility or necessity of a settlement conference.

                          Respectfully submitted,

                          By:    /s/ Howard Marks

Berger, Newmark & Fenchel P.C.
hmarks@bnf-law.com
1753 N. Tripp Ave.
Chicago, Illinois 60639
312-782-5050

<u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that on June 25, 2017 a copy of the Initial Joint Status Report was filed electronically using the Court's CM/ECF system. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system at their email addresses. Parties may access this filing through the Court's system.

                          <u>s/ Howard Marks</u>