UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **VYSE GELATIN COMPANY,** an Illinois Corporation, | ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | NO. 17-CV-02937 |
| **JT NATURALS USA, LLC a/k/a JT NATURALS, LLC** and **JEFFREY HICKS, individually** | ) ) ) ) ) | Judge Robert M. Dow, Jr. |
| **Defendants.** | ) | |

## Second Joint Status Report

The Parties through their counsel, pursuant to the Court's Order entered on July 19, 2017, subsequent to a hearing conducted on July 18, 2017, the parties submit this Second Joint Status Report as follows:

**A. Attorneys of Record:**

Counsel for Plaintiff: Howard Marks, Berger, Newmark & Fenchel P.C.

Counsel for Defendants: Ankur Shah, Shah Legal Representation

**B. The Basis for Federal Jurisdiction:**

Plaintiff's Answer:

Removal and Diversity pursuant to 28 U.S.C 1441 and 28 U.S.C. 1332(a).

The Defendants, having raised an issue at a prior hearing regarding standing of the Plaintiff and its citizenship, thereby questioning the Court's jurisdiction, the Plaintiff submitted to Defendant the following facts, which the Court also be provided to it:

    1. On or about August 26, 2016, Vyse Gelatin Company ("Vyse"), Plaintiff, sold certain assets to a third party, Project Vector LLC, a North Carolina entity.
    2. There was no transfer or sale of the stock ownership of Vyse Gelatin.
    3. Aged accounts receivables over 90 days were not purchased from or sold by Vyse Gelatin and were excluded from the sale.
    4. The JT Naturals receivables, which are the subject of this litigation, were included in the group of receivables retained by Vyse

     5. The sale of assets also included the trade name Vyse Gelatin, and the agreement required the seller, Vyse Gelatin Company, to change its name to one that did not use the term Vyse Gelatin.

     6. Subsequently, on September 6, 2016, the asset purchaser, a North Carolina entity and an LLC formally adopted the Vyse Gelatin name in Illinois by a filing with the Illinois Secretary of State.

     7. The Illinois corporation, Plaintiff in this matter, on August 29, 2016, amended its Articles of Incorporation, and filed with the Illinois Secretary of State, a change of its corporate name from Vyse Gelatin Company to VyGC, Inc. and it remains an active Illinois corporation.

     8. Plaintiff intends to file a Motion in these proceedings reflecting the change of its name.

Defendants' Answer:

Defendants have raised the issue of plaintiff's standing in good faith. Plaintiff filed this suit in state court on August 22, 2016. No documentation regarding VYSE Gelatin Company's asset sale four days later to a company called "Project Vector" on or about August 26, 2016 has been provided or documented. The fact that plaintiff filed suit four days before engaging in a major asset sale/fundamental corporate change is a good faith basis for questioning why the suit was filed four days before the asset sale, if, as plaintiff suggests, plaintiff would have retained the right to file the suit after the asset sale anyways. If coincidence is the answer - so be it, but defendants have a good faith basis for discovery and clarification on the factual issue of the exact terms of the asset sale/merger.

In addition, the operative issue is not only whether plaintiff retained or sold its receivables to its buyer in an asset sale involving sale of its naming rights and substantial assets, but what the terms of the asset sale were. No documentation on the asset sale has been provided.

Plaintiff has provided defendants'counsel Delaware Secretary of State printouts of the buyer entity, Project Vector's name change to VYSE Gelatin LLC on or about August 30, 2016, and Illinois Secretary of State printouts of plaintiff-seller's name change to VYGC Inc. on August 29, 2016. This information is incidental and nominal to a fundamental corporate change like a major asset sale/merger, and defendants respectfully request the asset sale documents be provided in addition to the name change documents.

Defendants are prepared to engage in discovery if required by the court and opposing counsel in order to fully understand the merger/asset sale terms, and plaintiff's corresponding standing. Any discovery and/or a bill of particulars to follow up on defendants' positions would be in good faith, regardless of the outcome of such discovery.

**C. The nature of the claims asserted in the complaint and counterclaim.**

Plaintiff's Answer:

     1.    Plaintiff has filed a five count Complaint.

2. Counts I, II and III of the Complaint are lodged against JT Naturals for Breach of Contract (I), Account Stated (II) and Unjust Enrichment (III) for amounts due for gelatin materials sold and delivered .
3. Counts IV and V were asserted against Hicks for Deceptive Practices under section 5/17-1 of the Illinois Deceptive Practices Act (IV) and Breach of Guaranty (V), related to the tender of NSF checks.
4. Defendants have not filed an Answer or any Counterclaims.

Defendants' Answer:

Defendants have filed a motion to quash service on Jeff Hicks who was named individually as a defendant, due to the service of an expired summons. Defendants are also evaluating the ability to file motions to dismiss for lack of personal jurisdiction, improper venue, and/or other procedural and substantive claims based on the plaintiff's potential lack of standing.

**D. The name of any party who or which has not been served.**

Plaintiff's Answer:

All parties have been served and have appeared.

Defendants' Answer:

In defendants' view, all parties have not been served. Defendant Jeff Hicks individually filed a motion to quash service, which was set for hearing on July 18, 2017. Defendant Hicks was served with an expired summons.

**E. The principal legal issues.**

Plaintiff's Answer:

Whether or not defendant, JT Naturals, has breached its contract with plaintiff by failing to pay for materials ordered and purchased and accepted upon delivery by it.
Whether or not defendant has breached its guaranty to plaintiff.
Whether or not defendant, Hicks, wrongfully tendered NSF checks under the applicable statute.
Whether or not this Court has proper Jurisdiction over this matter.

Defendants' Answer:

Whether plaintiff has standing in light of the fact that NITTA Gelatin NA is sole and complete owner of VYSE Gelatin LLC, which according to plaintiff, acquired the assets of the plaintiff.

VYSE Gelatin Company is in fact, now "VYGC Inc."

**F. The principal factual issues.**

Plaintiff's Answer:

The amounts due and owing to Vyse Gelatin for materials ordered and delivered to defendant, JT Naturals. The damages recoverable and arising out of the issuance of NSF checks in purported payment for the materials which are the subject of this action.

Defendants' Answer:

The principal factual issues surround plaintiff's decision to file this suit on August 22, 2016, and VYSE Gelatin Company's asset sale to NITTA Gelatin/Project Vector LLC/VYSE Gelatin LLC on or about August 26, 2016. The merger/asset sale details should be understood in order to properly ascertain plaintiff's standing.

In addition, the facts regarding the plaintiff and affiliated entities involvement in the transaction, and right to receivables should be understood, along with the critical issue of timing of any receivables transfers.

**G.  Whether a jury trial has been demanded by any party.**

A request for a jury trial has not been made by any party.

**H.  A brief description of any discovery that has been taken and of the discovery anticipated to be required and suggested dates for discovery deadlines and cutoff.**

Plaintiff's Answer:

A Discovery Schedule has been entered by the Court.

Defendants' Answer:

Defendant's would like to obtain written discovery regarding plaintiff's merger/asset sale on or about August 26, 2016, just one week after this lawsuit was originally filed.

Defendant's respectfully request a discovery extension from the current August 30, 2017 cut-off date so that any and all necessary discovery regarding the relevant issues in this case can be completed.

**I.  The earliest date the parties would be ready for trial and the estimated length of trial.**

To be determined upon resolution of Pending Motions.

**J.  Whether the parties consent unanimously to proceed before a Magistrate Judge.**

Plaintiff's Answer:

The parties have not yet completed discussions on this matter; however, Plaintiff is willing to proceed before a Magistrate Judge.

Defendants' Answer:

Defendant's would like the opportunity to obtain documents from plaintiff regarding plaintiff's asset sale, and discuss this option with the Court and opposing counsel.

**K.  The status of any settlement discussions.**

Plaintiff's Answer:

The parties have exchanged settlement positions and Plaintiff is awaiting a response to its offer regarding settlement communicated on June 1, 2017.

Defendants' Answer:

Plaintiff desires terms which Defendant believes are unreasonable.  Defendants have communicated reasonable offers to plaintiff in the past which have been rejected.

**L.  Whether the parties request a settlement conference.**

The parties have not determined the feasibility or necessity of a settlement conference.

                Respectfully submitted,


                By:    /s/  Ankur Shah

Shah Legal Representation
333 South Wabash Ave. Suite 2700
Chicago, Illinois 60604
312-612-9221

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on August 8, 2017 a copy of the Second Joint Status Report was filed electronically using the Court's CM/ECF system.  Notice of this filing will be sent to the parties by operation of the Court's electronic filing system at their email addresses. Parties may access this filing through the Court's system.


                s/ Ankur Shah