UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VYSE GELATIN COMPANY nka VyGC Inc. | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 17-cv-02937** |
| | ) | **Judge Dow** |
| JT NATURALS USA LLC & JEFFREY HICKS | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMBINED MOTION AND SUPPORTING MEMORANDUM OF LAW FOR LEAVE TO PERMIT ISSUANCE OF A SUMMONS TO DEFENDANT JEFFREY HICKS MORE THAN 90 DAYS AFTER FILING OF THE COMPLAINT

Plaintiff VYSE Gelatin Company nka VyGC Inc. ("Plaintiff"), by its attorney Mark E. Furlane, moves this court for issuance of a summons to Defendant Jeffrey Hicks ("Hicks") more than 90 days after filing of the verified complaint, alternatively for good cause shown or in the discretion of the court. In support of its motions it states as follows:

### I.     Background

1.   On August 22, 2016, Plaintiff filed its Verified Complaint in the Circuit Court of Cook County Illinois Law Division. As seen by the attached the summons and verified complaint were mailed U.S. Priority Overnight to the Civil Process Unit of Jasper County Sherriff on 1 September 2016. The Sherriff took over three weeks to serve Hicks.

2.   As seen in the exhibits to the Notice of Removal (the "Notice")(Dkt. #1) Defendant JT Naturals USA LLC ("Naturals") was timely served with the summons and a copy of the verified complaint on November 17, 2016. However, as was recently held by this court on January 5, 2018, Hicks was served with a copy of the summons and verified complaint on September 28,

2016, but the summons had expired on or about September 21, 2016, so the service was ineffective under the applicable Illinois Supreme Court Rule and therefore, this court lacks personal jurisdiction over Hicks.

3.    As shown in the exhibits to the Notice: on January 19, 2017 Judge Margaret Ann Brennan entered default judgment against both defendants as neither had appeared in the case;[1] on February 15, 2017, Judge Brennan ordered that the case was set for hearing on March 8, 2017; on February 16, 2017, both defendants filed appearances in the case in the Illinois circuit court.

4.    As shown in the exhibits to the Notice: as reflected in the order drafted by Counsel for both defendants on March 8, 2017, "On Plaintiff's oral motion for default and prove up it is hereby ordered that defendant JT Naturals answer within 28 days or April 5, 2017."  On April 12, 2017, counsel for both defendants appeared at a status hearing and orally moved for yet another extension of time to answer or otherwise plead from April 5, 2017 to April 19, 2017, which the court granted.

5.    Defendants did not answer on April 19, 2017, but instead defendants jointly filed the Notice and the case was removed to this court.  Neither defendants filed an answer or otherwise pleaded in this case.

6.    On June 25, 2017, Defendants filed a joint Motion to Quash the summons against them(Dkt. #6).  Settlement discussions then ensued and failed (Dkt. #10), and on September 13, 2017, the court set a briefing schedule and the motion to quash was briefed(Dkt. ##13-18).

---

[1]  As to Hicks the lack of personal jurisdiction by this court causes that order to be void, but not as to JT Naturals.

7.  The relief requested by defendants as set forth in their Reply Brief filed on November 17, 2017 (Dkt. 18) is "Defendant Jeffrey Hicks asks this Honorable Court to quash service against him and require Plaintiff to serve him."  Plaintiff seeks permission to do just that.

## II.    Argument

Federal Rule of Civil Procedure, Rule 4(m) states in pertinent part:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As this court recently notes in *Taylor v. Metropolitan Water Reclamation District of Greater Chicago*, Case No. 15-cv-7855 (ND Illinois January 26, 2017):

> However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. "If the plaintiff cannot show good cause, then the decision to grant an extension is left to the discretion of the district court." United States v. Ligas, 549 F.3d 497, 501 (7th Cir. 2008)."

In *Moore v. Salinas*, Case No. 14 C 2456. (February 19 2015), this court discussed some of the reasons supporting good cause:

> To show good cause, a plaintiff must provide a "valid reason" for delay. *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). Valid reason has been found to exist where a delay was outside the plaintiff's control. See, e.g., id. (valid reason exists where a defendant evades service); *Graham v. Satkoski*, 51 F.3d 710, 712-13 (7th Cir. 1995) (delay attributable to the Marshals Service constitutes good cause); *Stewart v. Special Adm'r of Estate of Mesrobian*, 559 F.App'x 543, 547-48 (7th Cir. 2014) (delay attributable to a court's screening of a prisoner's complaint constituted good cause). A plaintiff also must show "reasonable diligence" in attempting to serve the defendant. *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993) (citing Tso v. Delaney, 969 F.2d 373, 377 (7th Cir. 1992)).

Hicks was an out-of-state defendant served on or about 37 days after the complaint was filed.

Thus, service was made within 90 days of filing the complaint as required under FRCP, Rule 4(m), but as the court found on January 5, 2018, service was not timely made within 30 days

under the applicable Illinois Supreme Court Rule. These facts alone should show good cause for issuance of a summons by the clerk of court, since it is Hicks who removed the case to federal court. Even if timeliness under Illinois law governed Hicks' motion to quash the Illinois summons, by defendants'' having invoked federal jurisdiction, the rationale underlying timeliness of service of the summons should be governed under the federal view of required diligence as embodied in Federal Rule of Civil Procedure, Rule 4(m), which should itself be evidence of good cause. Had Hick's moved to quash under Illinois law the Plaintiff would have obtained an Alias Summons and served Hicks as it did with JT Naturals.

In any event, even if good cause is in doubt, where "good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time. *Cardenas v. City of Chicago*, 646 F. 3d 1001, 1007 (7th Circuit 2011)(Rule 4(m) does not specify which factors the district court must consider in exercising its discretion…"); *see also Coleman v. Milwaukee Bd. of Sch. Dirs*., 290 F.3d 932, 934 (7th Cir. 2002). "[S]ome factors that the court may consider in its decision" include: "(1) whether the expiration of a statute of limitations during the pending action would prevent refiling, (2) whether the defendant evaded service, (3) whether the defendant's ability to defend would be prejudiced by an extension, (4) whether the defendant had actual notice of the lawsuit, and (5) whether the defendant was eventually served.". Other factors include "whether [the plaintiff] ever requested an extension from the court due to difficulties in perfecting service ... and whether [the plaintiff] diligently pursued service during the allotted period." Cardenas, 646 F.3d at 1007. In the interest of judicial economy this court should allow issuance of the summons beyond the 90 days under Rule 4(m), as otherwise, since no statute of limitations is implicated, Plaintiff

would be required to file a second complaint against Hicks, with it likely being assigned to this court under LR40.4.

**Wherefore**, Plaintiff respectfully requests the court for good cause shown (or alternatively, in the court's discretion) to extend the time under Federal Rule of Civil Procedure, Rule 4(m) for issuance and service of a summons and copy of the verified complaint herein on Defendant Jeffrey Hicks.

Respectfully submitted,

**VYSE GELATIN COMPANY nka VyGC Inc.**

By: /s/Mark E. Furlane

One of Its Attorneys

### Certificate of Service

The undersigned attorney certifies that on January 25, 2018 he e-filed this document through the Court's CM/ECF system which will cause copy of the document to be delivered electronically to the counsel of record for defendant(s) shown below.

Ankur V Shah, Esq.
Shah Legal Representation
333 South Wabash Ave., Suite 2700
Chicago, IL 60604
Email: ash@shahlegalrep.com

/s/Mark E Furlane

https://www.fedex.com/shipping/html/en/PrintIFrame.htm



**After** printing this label:

1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



# Berger, Newmark & Fenchel P.C.

Attorneys at Law

PHILIP COWAN, President
JOHN M. CYTRON
WILIAM J. FRANKO
LYNN LUCCHESE-SOTO
HOWARD MARKS

JULIUS H. SHAPIRO, Chairman
STEPHANIE LOMBARDI PARRY

*Of Counsel*
AVRUM DANNEN

Attorney's Direct Dial (312) 704-7229
Email: hmarks@bnf-law.com

***VIA FEDERAL EXPRESS***
Jasper County Sheriff's Office
Civil Process Unit
231 S. Main Street
Carthage, Mo. 64836

      Re:    Vyse Gelatin Company v. JT Naturals USA, LLC and Jeffrey Hicks
              State of Illinois Cook County Circuit Court Case No.: 2016 L 008331
              Civil Process of Summons for Jeffrey Hicks

Dear Sheriff:

    I enclose for civil process service, a Complaint and a Summons issued for Jeffrey Hicks at 12785 Highway FF, Joplin, Missouri 64804 together with the fee of $45.00 payable to the Jasper County Sheriff. I kindly ask that you return the processed summons in the enclosed self-addressed stamped envelope.

    If you have any questions, please do not hesitate to contact me. Thank you for your courtesy.

              Very truly yours,

              Berger, Newmark & Fenchel, P.C.

              Howard Marks

Enclosure