UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VYSE GELATIN COMPANY nka VyGC Inc. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JT NATURALS USA LLC & JEFFREY HICKS )<br>)<br>)<br>Defendants. ) | Case No. 17-cv-02937<br>Judge Robert Dow, Jr. |

## PLAINTIFF VYSE NKA VyGC INC.'s COMBINED MOTION AND BRIEF IN SUPPORT OF DEFAULT ORDER, FOR PROVE-UP AND JUDGMENT, AND ALTERNATIVELY FOR SUMMARY JUDGMENT AGAINST JT NATURALS USA

NOW COMES the Plaintiff, VYSE GELATIN COMPANY ("Vyse"), by and through its attorneys, Berger, Newmark & Fenchel P. C., pursuant to FRCP Rule 56 and Local Rule 56.1, as its statement of material facts as to which plaintiff contends there is no genuine issue and that entitle plaintiff to a judgment as a matter of law against JT Naturals USA, LLC a/k/a JT Naturals, LLC ("JT"), which statements also include a description of the parties, and facts supporting venue and jurisdiction in this court, states as follows:

### I. BACKGROUND

The background and undisputed facts on which summary judgment is based are set forth in the Local Rule 56.1 and FRCP Rule 56 statement of uncontested facts of Plaintiff, Vyse nka VyGC Inc. The background in support of reaffirmation of the order of default and motion to set date for prove-up is set forth below:

1. On August 22, 2016, Plaintiff filed its Verified Complaint in the Circuit Court of Cook County Illinois Law Division.

1

2. As seen in the exhibits to the Notice of Removal (the "Notice")(Dkt. #1) Defendant JT Naturals USA LLC ("JT") was timely served with the summons and a copy of the verified complaint on November 17, 2016.

3. As shown in the exhibits to the Notice: on January 19, 2017 Judge Margaret Ann Brennan entered default judgment against both defendants as neither had appeared in the case; on February 15, 2017, Judge Brennan ordered that the case was set for hearing on March 8, 2017; and on February 16, 2017, both defendants filed appearances in the case in the Illinois circuit court.

4. As shown in the exhibits to the Notice: as reflected in the order drafted by Counsel for both defendants on March 8, 2017, "On Plaintiff's oral motion for default and prove up it is hereby ordered that defendant JT Naturals answer within 28 days or April 5, 2017." On April 12, 2017, counsel for both defendants appeared at a status hearing and orally moved for yet another extension of time to answer or otherwise plead from April 5, 2017 to April 19, 2017, which the court granted.

5. Defendants did not answer on April 19, 2017, but instead defendants jointly filed the Notice and the case was removed to this court. Neither defendant filed an answer or otherwise pleaded in this case.

6. As shown by the exhibits to the Notice and the briefing of defendants on their motion to quash the summons against Hicks, JT did not move to have the order of default against it vacated. Despite an opportunity given by the circuit court to answer or otherwise plead, it did not, and those deadlines are past.

7. FRCP Rule 81(c) states:

(c) Removed Actions.
(1) Applicability. These rules apply to a civil action after it is removed from a state court.

(2) Further Pleading. After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
(A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;
(B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
(C) 7 days after the notice of removal is filed.

JT was required to answer or present other defenses or objections under these rules within 7 days of removal, or over 9 months ago. It did not, and has not since. It has now been over 14 months since JT Naturals has been served.

## II. LEGAL STANDARD

### A. Summary Judgment.

FRCP Rule 56 provides that at a party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The facts are construed in the light most favorable to the non-moving party. E.g., *Fed. Trade Comm'n v. Bay Area Bus. Council*, 423 F.3d 627, 634 (7th Cir. 2005). Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted).

A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. The party seeking summary judgment

has the burden of establishing the lack of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the opposing] position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

**B. Default.**

Under Rule 55(a), a court must enter an order of default against a defendant when the defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). JT Naturals filed a copy of the docket of the proceedings the Circuit Court before removal as Exhibit D to its Notice of Removal (Dkt #1).. JT Naturals has failed to comply with the Circuit Court's orders to answer before removal, and this court is aware that JT Naturals has yet to answer or file any defenses in this court and an order of default against JT Naturals is proper under FRCP Rule 81(c), which in pertinent part states:

> FRCP Rule 81(c) Removed Actions.... A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
> (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;
> (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
> (C) 7 days after the notice of removal is filed.

4

A district court has discretion to extend a defendant's deadline to file an answer or responsive pleading for good cause or excusable neglect. *Fed. R. Civ. P. 6(b)(1); Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012). But, JT Naturals simply cannot show good cause for failing to timely answer the complaint or otherwise plead for a period of over a year, and this court may enter an order of default against JT Naturals under Rule 55(a). *See Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45-46 (7th Cir. 1994)(finding that defendant did not have good cause to excuse "the late submission of its answer" and its corresponding default). Moreover, here there is an order of default that has not been vacated, and in order for JT Naturals to vacate that order it must show good cause for its inaction, prompt steps to correct the default, and an arguably meritorious defense to the lawsuit. *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 504 (7th Cir. 2014):

> An entry of default may be set aside before entry of judgment upon showing good cause for the defendant's inaction, prompt steps to correct the default, and an arguably meritorious defense to the lawsuit. *Sun v. Board of Trustees of the University of Illinois*, 473 F.3d 799, 809-10 (7th Cir.2007). When we say the defendant must show a "meritorious defense" to the lawsuit, we mean more than bare legal conclusions, *e.g., Breuer Electric Mfg. Co. v. Toronado Systems of America*, Inc., 687 F.2d 182, 186 (7th Cir. 1982), but less than a definitive showing that the defense will prevail. *See, e.g., Cracco*, 559 F.3d at 631 (affirming discretionary decision to vacate default where defendant explained nature of defense and provided the factual basis for it).

### III. SUMMARY JUDGMENT ARGUMENT

### COUNT I-BREACH OF CONTRACT AGAINST JT NATURALS

The undisputed facts show that JT ordered products from Plaintiff for which it has not made the agreed upon payment, that the full payment is now past due, and that demand for payment was made on JT. The undisputed facts demonstrate that after all due credits and payments are applied to the account balance there remains due and owing $75,880.00.

Under Illinois law, the elements of a breach of contract cause of action are a valid and enforceable contract, breach by the defendant, resulting in damages to the plaintiff. *See e.g., Ass'n Ben. Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 849 (7th Cir. 2007)(" Under Illinois law, the elements of a breach of contract cause of action are "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC*, 364 Ill.App.3d 6, 300 Ill.Dec. 601, 845 N.E.2d 22, 30 (2006), *leave to appeal denied*, 218 Ill.2d 542, 303 Ill. Dec. 3, 850 N.E.2d 808 (2006).") The undisputed facts show that the parties entered into a valid contract for delivery of goods for the amounts invoiced, that plaintiff delivered the contracted for goods, that all conditions precedent for payment by defendant of the invoices were performed, that defendant owed the money as set forth in the invoices, and made demand on defendant for their payment, and despite repeatedly requests for payment, JT failed to make and continues to refuse to pay the balance due and owing Plaintiff under their contract. The facts show that JT's refusal to pay the balance due is a breach of its contract with Plaintiff and that JT owe Plaintiff the overdue sum of $75,880.00.

At all times relevant, there existed in Illinois a statute, 815 ILCS 205/2, entitling creditors to interest on a liquidated sum of money due. Pursuant to such statute, Plaintiff is entitled to interest on the amount owed to Plaintiff by Defendant at the rate of 5% per annum. The overdue invoice amounts shown on Exhibit A to the Verified Complaint:

| Invoice | Due date | Amount |
|---------|----------|--------|
| 82320   | 12/31/15 | $14,960 |
| 82339   | 1/11/16  | $14,960 |
| 82344   | 1/13/16  | $14,960 |

| | | |
|---|---|---|
| 82400 | 1/29/16 | $14,400 |
| 82496 | 3/18/16 | $21,600 |

For convenience the interest calculations will be run from January 29, 2016 for the first four invoices. Thus, $59,280 is overdue from January 29, 2016 through January 29,2016, or two years at 5% per annum, or interest of $2,964 each year for two years =$5,928. Then, as to the last invoice, it was overdue 288/360 year in 2016 and 12 months in 2017 and one-month as of the date of presentment of this motion on January 31, 2018, or 1.8 plus .086=1.886 x 1.05=1.98 years of interest=$1,080 + $1.080(.98)=$2,138.4. However, since a $5,000 payment was made on or about June 2016, backing out the interest on that sum leaves 20 months of interest on that sum being deducted ($416.67), for a total of $7,650 in interest owing.

## COUNT II
## ACCOUNT STATED AGAINST JT NATURALS

Also, and in the alternative, the undisputed facts show that Vyse, at the specific instance and request of JT provided gelatin products as requested by JT for the total price of $80,880.00, of which the amount and sum of $75,880.00 remains unpaid. The facts also demonstrate acceptance by JT, of Vyse's initial invoices, including agreeing to a payment plan, and issuing NSF chekcs in the amounts owing, both demonstrating JT's acquiescence to the amounts owed and has therefore created an account stated between the parties. Vyse has made repeated demands upon JT for payment of its indebtedness to Vyse. JT, however, has wrongfully refused and continues to refuse to pay the balance due.

In *Delta Consulting Group, Inc. v. R. Randle Const.*, 554 F. 3d 1133 (7th Circ. 2009), the court states the test under Illinois law for an account stated as follows:

> An "account stated" determines the amount of a preexisting debt when parties who previously have conducted monetary transactions agree that there truly is an account

representing the transactions between them. *Protestant Hospital Builders Club, Inc. v. Goedde*, 98 Ill. App.3d 1028, 54 Ill.Dec. 399, 424 N.E.2d 1302, 1306 (1981). When a statement of account is rendered by one party to another and is retained by the latter beyond a reasonable time without objection, that statement constitutes an acknowledgment and recognition by the latter of the correctness of the account, together with a promise, express or implied, for the payment of such balance, and establishes an account stated. *W.E. Erickson Construction, Inc. v. Congress-Kenilworth Corp.*, 132 Ill.App.3d 260, 87 Ill.Dec. 536, 477 N.E.2d 513, 520 (1985); *Motive Parts Co. of Am., Inc. v. Robinson*, 53 Ill.App.3d 935, 11 Ill.Dec. 665, 369 N.E.2d 119, 122 (1977). In this manner, the debtor and creditor have a meeting of the minds as to the accuracy of the account and have manifested their mutual assent to the agreement. *Toth v. Mansell*, 207 Ill.App.3d 665, 152 Ill.Dec. 853, 566 N.E.2d 730, 734-35 (1990). The manner of acquiescence is not critical, and the meeting of the minds may be inferred from the parties' conduct and the circumstances of the case. Id. at 735.

As under the contract theory, Vyse is entitled to recover interest starting with the due date of its first unpaid invoice of December 31, 2016, to the date of judgment as authorized in Chapter 815 of the Illinois Compiled Statutes, Section 205/2, at the statutory interest rate, which as shown above is approximately $7,650 to January 29, 2017.

## COUNT III
## UNJUST ENRICHMENT

In the alternative, if JT disputes the existence of a contract or account stated, the undisputed facts demonstrate JT ordered certain products, goods and services from Plaintiff, which Plaintiff then delivered to Defendant. The undisputed facts show that the reasonable value of the goods, provided by Plaintiff, and accepted by Defendant, is $80,880.00, and that JT accepted these deliveries of goods and at no point refused delivery. The undisputed facts demonstrate that as of today, JT has paid only $5,000.00 for these goods and thereby has been unjustly enriched in the amount of $75,880.00. The seminal case in Illinois on unjust enrichment is *HPI Health Care v. Mt. Vernon Hosp.*, 545 NE 2d 672, 131 Ill.2d 145 (1989), which states the elements of the tort as follows:

8

To state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience. See Drury v. County of McLean (1982), 89 Ill.2d 417, 425-26; Kenneke v. First National Bank (1978), 65 Ill. App.3d 10, 12.

The Verified Complaint sets forth facts that establish these elements and judgment in the alternative for unjust enrichment is proper.

As under the contract theory, Vyse is entitled to recover interest from the due date of its first unpaid invoice of December 31, 2016, to the date of judgment as authorized in Chapter 815 of the Illinois Compiled Statutes, Section 205/2, at the statutory interest rate, which as shown above is approximately $7,650.

**CONCLUSION.** Plaintiff, Vyse Gelatin Company is entitled to summary judgment against Defendant JT NATURALS, LLC, in the amount of $75,880.00, plus interest in the amount of $7,650, and costs, for a total of $83,530 plus costs. Plaintiff requests that judgment be entered in that amount in its favor against Defendant JT NATURALS, LLC, together with its costs.

Respectfully submitted,

**VYSE GELATIN COMPANY nka .,**
an Illinois corporation

By: /s/Mark E. Furlane
Mark E. Furlane, Its Attorney
Berger, Newmark & Fenchel PC
1753 N. Tripp Avenue
Chicago, IL 60639
mfurlane@bnf-law.com
Tel: 312/782-7223; Fax: 312/360-7393

## Certificate of Service

The undersigned attorney certifies that on January 29, 2018 he e-filed this document through the Court's CM/ECF system which will cause copy of the document to be delivered electronically to the counsel of record for defendant(s) shown below.
Ankur V Shah, Esq.
Shah Legal Representation
333 South Wabash Ave., Suite 2700
Chicago, IL 60604
Email: ashah@shahlegalrep.com

                                        By: /s/Mark E Furlane
                                        Attorney for Plaintiff
                                        Mark E. Furlane, Esq.
                                        Berger, Newmark & Fenchel PC
                                        1753 N. Tripp Avenue
                                        Chicago, IL 60639
                                        Tel: 312/782-7223; Fax: 312/360-7393