UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VYSE GELATIN COMPANY nka VyGC Inc. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JT NATURALS USA LLC & JEFFREY HICKS ) <br> ) <br> ) <br> Defendants. ) | Case No. 17-cv-02937 <br> Judge Robert Dow, Jr. |

### FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, VYSE GELATIN COMPANY nka VyGC, Inc. ("Plaintiff"), by and through its attorney Mark E. Furlane, of Berger, Newmark & Fenchel P. C., for its First Amended Complaint complaining against the Defendants, JT Naturals USA, LLC a/k/a JT Naturals, LLC ("JT"), and Jeffrey Hicks ("Hicks"), and stating as follows:

### ALLEGATIONS COMMON TO ALL COUNTS AND JURISDICTION AND VENUE

1. At the time the Verified Complaint herein was filed on August 22, 2016 (the "Lawsuit"), Plaintiff's name was VYSE GELATIN COMPANY. On or about August 26, 2016 (the "Closing Date"), Plaintiff sold substantially all its assets to PROJECT VECTOR, LLC pursuant to the Asset Purchase Agreement among PROJECT VECTOR, LLC ("Buyer") (the sale hereafter called the "Transaction"), VYSE GELATIN COMPANY ("VYSE" or "Seller"), Gary A. Brunet Declaration of Trust dated December 1, 1997 (Brunet Trust") and Gary A. Brunet ("Brunet"); with Brunet, the Brunet Trust and Seller (each a "Selling Party"), dated as of August 12, 2016 ( the "APA") ("all of which parties to the APA are collectively, the "APA Parties"). Plaintiff sold its name to Buyer as part of the Transaction and thereafter changed its name to

VyGC Inc. After the Closing Buyer changed its name to Vyse Gelatin, LLC and was qualified to do business in Illinois.

2. Before and after the Closing Date Plaintiff was and is an Illinois corporation and Illinois citizen. Before the Closing Date the Plaintiff's principal place of business was 5010 N. Rose Street, Schiller Park, Illinois, 60176 and after the Closing Date it is at 33 Lakeside Drive. South Barrington, IL. 60010. Before the Closing Date, including on the day of filing of the Lawsuit, Plaintiff was engaged in the business of selling, distributing and blending gelatin and collagen and related products.

3. The Parties in the Transaction intended that all bad debts (E.G., all accounts receivables overdue more than 90 days AS OF THE Closing Date) were to be excluded from the Purchased Assets, Claims and Contracts sold to Buyer in the Transaction. The Parties also intended in the Transaction that all of Sellers' claims, contracts, choses in action, guaranties and rights related to those bad debts and related guaranties would likewise not be Purchased Assets, Claims or Contracts sold in the Transaction, including but not limited to all claims, guaranties, causes of action, and rights asserted or that could be asserted by Plaintiff in the Lawsuit against JT and Hicks.

4. To clarify the intentions of the Buyer and Selling Parties in the APA and the Transaction and to ensure that their intentions and agreements that all right title and interest in those claims and causes of action relating to the bad debts and guaranty that have been or could be brought in the Lawsuit are reflected in the APA the APA Parties entered into and executed an Amendment and Partial Restatement of the APA effective *nunc pro tunc* to the Closing Date, a true and correct copy of which is attached hereto as Exhibit A.

5. Defendant, JT, is a Missouri limited liability company whose principal place of business at the time of filing of the Lawsuit was 7930 E. 24th Street, Joplin, Missouri 64804, was a citizen of Missouri, and at all times relevant JT was engaged in the business of manufacturing, mixing, blending, formulating, packaging and bottling softgel products and capsules and related items containing or incorporating oils, vitamins and nutritional materials.

6. Defendant Hicks, on information and belief, at the time of filing of the Verified Complaint and its removal to this court, resided in and was a citizen of Missouri and now resides at 1150 Hammer Road, Joplin, Missouri 64804, and at all times relevant owned, controlled, operated and managed JT.

7. For a long period of time prior to Plaintiff filing the Lawsuit, JT and Hicks had a continuing business relationship with Plaintiff, had submitted orders to and purchased products from and negotiated terms with Plaintiff regarding items ordered and delivered, sent checks to Plaintiff in Cook County, Illinois with nonsufficient funds in JT's checking account, which Checks were dishonored by JT's bank, all with JT and Hicks thereby deriving benefits from these activities to the detriment of Plaintiff in Illinois. This Court therefore has Jurisdiction over the parties pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-209 and 28 U.S.C. §1332.

8. Venue is proper in this District because most of the events giving rise to Plaintiff's claims in this action arose in this District.

9. Beginning in December of 2015 and continuing to February 2016, JT and Hicks ordered certain products, goods, and services from Plaintiff, and Plaintiff prior to March 18, 2016 delivered the products and goods in a timely manner to Defendants.

10. Before the Lawsuit was filed Plaintiff sent Defendants invoices for the goods so provided to Defendants, totaling to the full sum of $80,880.00, to which Defendants have not contested or objected (See Exhibit B, containing true and correct copies of shipping documentation and invoices dated: #62320 12/31/2015; #62339 1/11/16; #62344 1/13/16; 62400 1/29/16; and #62496 3/18/16).

11. Plaintiff satisfactorily performed all conditions precedent according to the parties' agreement entitling it to Defendants' performance of its obligations under the agreements to purchase the products shipped to Defendants that were ordered by Defendants.

12. On or about March 15, 2016, Hicks, tendered JT check numbered 20549 in the amount of $59,280.00 to Plaintiff for payment of the first four invoices sent to Defendants included in Exhibit B, which check upon deposit by Plaintiff to its bank account was returned for insufficient funds ("NSF") on March 21, 2016.

13. Hicks subsequently informed Plaintiff that it could redeposit that check as JT's bank account then would have sufficient funds by which it would be honored, however, on March 28, 2016 the JT check was again rejected as being NSF. (See true and correct copies of the NSF checks and return notices attached hereto as Group Exhibit C.)

14. On or about May 27, 2016 and June 16, 2016, JT and Hicks acknowledged the amounts due to Plaintiff of $80,880.00, which included the amounts owed Plaintiff by Defendants for all five invoices in Exhibit B, and Hicks and JT offered and agreed in writing to a payment plan, to wit: "I wanted to revise our offer to $5,000 per week. We have been approved for an SBA 7a loan but will take 4-5 weeks to finish and fund. At that time we would Pay off any open balance." (True and correct copies are attached hereto in Exhibit D.)

4

15. JT and Hicks made one payment of $5,000.00 pursuant to the proffered payment plan and upon the total amounts owed as described above, and then stopped making any further payments.

16. On January 19, 2015 Hicks, executed and provided to Plaintiff a personal guaranty by which he agreed to guaranty the debts owed to Plaintiff by JT in consideration of Plaintiff selling products to JT, and by further in said guaranty agreeing to pay all costs and attorneys' fees incurred by Plaintiff in collecting upon the debts owed to it by JT. (See Exhibit A to Exhibit A attached hereto and also Exhibit E attached hereto).

17. The guaranty was by its terms an "absolute guarantee of payment and is not a guarantee of collection…" As such Hicks owed the full amount of the invoices at the same time as and jointly and severally with JT, and by the time of filing of the Lawsuit there remained due and owing to Plaintiff from JT and Hicks the total sum of $75,880.00.

18. At all times relevant Plaintiff is and has been entitled to recovery from JT of the full sum of the overdue invoices in the amount of $75,880.

19. At the time of filing of the Lawsuit through the Closing Date under the Guaranty directly, and by virtue of the Amendment and Partial Restatement of the APA, nunc pro tunc to the Closing Date, on and after the Closing Date, Plaintiff is entitled to enforce the Guaranty against Hicks and pursue all claims, choses of action, rights, all as set forth herein against Hicks individually.

20. At all times relevant, there existed in Illinois a statute, 815 ILCS 205/2, entitling creditors to interest on money due. Pursuant to such statute, Plaintiff is entitled to interest on the amount owed to Plaintiff by Defendants at the rate of 5% per annum.

## COUNT I
## BREACH OF CONTRACT AGAINST JT NATURALS

21. Plaintiff realleges and incorporates by reference paragraphs 1 through 20 above as if restated in their entirety.

22. After all due credits and payments are applied to the account balance there remains due and owing to Plaintiff from JT the sum of $75,880.00.

23. Although repeatedly requested from JT by Plaintiff, JT refused and continues to refuse to pay that balance due and owing Plaintiff.

24. JT's unreasonable refusal to pay the balance due Plaintiff is a breach of its contract with Plaintiff, and Plaintiff has performed all conditions precedent required of it to enforce its agreement with JT in this action.

25. Plaintiff is entitled to recover interest from JT from the due dates of its unpaid invoices, to the date of judgment as authorized in Chapter 815 of the Illinois Compiled Statutes, Section 205/2, at the statutory 5% interest rate to the date of judgment.

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully prays that this honorable Court enter a judgment against Defendant JT NATURALS, LLC, in the amount of $75,880.00, plus interest at 5%, and costs.

## COUNT II
## ACCOUNT STATED AGAINST JT NATURALS

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 20 above as if restated in their entirety.

27. Plaintiff, at the specific instance and request of JT provided gelatin products as requested by JT for the total price of $80,880.00, of which the amount and sum of $75,880.00 remains unpaid.

6

28. The acceptance by JT of Plaintiff's invoices, its subsequent tendering of a check in the amount of $59,280.00 for the first four invoices, and JT's subsequent agreement to a payment plan covering the total amount owed of $80,880 for all five invoices, demonstrate JT's acquiescence to the amount owed by JT to Plaintiff and JT has created an account stated between the parties in that amount.

29. Plaintiff has made repeated demands upon JT for payment of its indebtedness to Plaintiff. JT, however, has wrongfully refused and continues to refuse to pay the balance due.

30. Plaintiff has performed all conditions required to pursue this claim against JT.

31. Plaintiff is entitled to recover interest from JT from the due dates of its unpaid invoices, to the date of judgment as authorized in Chapter 815 of the Illinois Compiled Statutes, Section 205/2, at the statutory interest rate of 5%.

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully prays that this honorable Court enter a judgment against Defendant JT NATURALS, LLC in the amount of $75,880.00, plus interest at the prejudgment rate of 5%, and costs.

## COUNT III
## UNJUST ENRICHMENT AGAINST DEFENDANTS

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 20 above as if restated in their entirety.

33. Defendants ordered certain products, goods and services from Plaintiff, which Plaintiff then delivered to Defendants. The reasonable value of the goods, provided by Plaintiff, and accepted by Defendants, is $80,880.00.

34. Defendants accepted these deliveries of goods and at no point refused delivery, and Plaintiff has performed all conditions required of it to enforce its claim against Defendants in this action.

35. Defendants have unjustly retained a benefit to the Plaintiff's detriment, the Defendants' retention of the benefit violates the fundamental principles of justice, equity, and good conscience, and as of the date of filing of this matter, Defendants have been unjustly enriched in the amount of $75,880.00.

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully prays that this honorable Court enter a judgment against Defendants Hicks and JT Naturals, LLC, in the amount of $75,880.00 and costs, and any other fees or costs that this Court deems appropriate.

## COUNT IV
### AGAINST HICKS AND JT NATURALS LLC FOR DECEPTIVE PRACTICES UNDER SECTION 5/17-1 OF THE ILLINOIS DECEPTIVE PRACTICES ACT

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 20 above as if restated here in their entirety.

37. Hicks and JT had knowledge that there were insufficient funds in JT's checking account to cover check numbered 20549.

38. Plaintiff accepted JT's check numbered 20549 sent by Hicks and JT to Plaintiff and deposited it into Plaintiff's bank account as payment for merchandise purchased by JT and redeposited the check a second time upon the direction and request of Hicks and JT, who claimed sufficient funds were in the account to cover the check.

39. Each time, shortly after depositing the check, Plaintiff's bank notified Plaintiff that the check was refused because JT had insufficient funds in its account to pay the check. (See true and correct copies of NSF checks attached hereto as Exhibit C.)

8

40. Plaintiff sent a written demand by both certified and first class mail to Hicks and JT pursuant to 720 ILCS 5/17-1(a), and the amount due has not been paid despite the demand. (A true and correct copy of the written demand sent by certified mail is attached as Exhibit F.)

41. Plaintiff has performed all conditions required of it to enforce this claim against Defendants in this action.

42. Despite demand upon Hicks and JT for payment of said amount, Hicks and JT have failed and refused to replace the check with good funds.

43. Section 5/17-1 of the Illinois Deceptive Practices Act, prohibits a person from issuing or delivering a check knowing it will not be paid by the depository. 720 ILCS 5/17-1. Section 5/17-1(a) of the Act provides that the wrongdoer is liable to the payee in the amount owing upon such check, treble damages up to $1,500.00, plus attorneys fees and court costs.

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully prays that this Honorable Court enter a judgment against Defendants JT and Hicks jointly and severally in the amount of $59,280.00 plus treble damages for the NSF checks, of $1,500.00, plus attorneys' fees and costs, and for all other such relief as this Court deems just and proper.

## COUNT V
## BREACH OF GUARANTY BY HICKS

44. Plaintiff restates and realleges paragraphs 1 through 20 above as if fully stated and set forth herein.

45. Before the Lawsuit was filed Plaintiff made repeated demands on Hicks for full and complete payments for amounts due and the Guaranty executed by Jeffrey Hicks waives any notice of defaults by JT and Hicks, and Hicks had actual notice of the defaults by JT for more than five months prior to filing of the Lawsuit.

46. Despite demands for full payment of amounts due, Hicks has failed and refused to make payment of the amounts due.

47. The failure of Hicks to pay the balance due under the invoices is a breach of and a default upon all obligations owed Plaintiff under the Guaranty.

48. Plaintiff has performed all conditions precedent required of it to bring this action against Hicks.

49. Plaintiff is entitled to recover interest from Hicks from the due dates of Plaintiff's unpaid invoices to JT, to the date of judgment as authorized in Chapter 815 of the Illinois Compiled Statutes, Section 205/2, at the statutory interest rate of 5%.

50. Plaintiff is entitled to enforce the guaranty against Hicks for $75,880.00, plus interest at a rate of 5%, plus costs, plus its reasonable attorney's fees and expenses in bringing this action.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff respectfully prays that this Honorable Court enter a judgment against the Defendant, Jeffrey Hicks, in the amount of $75,880.00, plus accrued interest, attorney fees and costs, and that this Court award the Plaintiff all such other relief that the Court deems fitting and proper.

Respectfully submitted,

February 23, 2018

**VYSE GELATIN COMPANY., nka VyGC Inc.**
an Illinois corporation


By: _____/s/ Mark E. Furlane_____
      Its Attorney
      Berger, Newmark & Fenchel PC
      1753 N. Tripp Avenue
      Chicago, IL 60639
      Tel: 312/704-7223; Fax: 773-360-7393
      mfurlane@bnf-law.com

## Certificate of Service

The undersigned attorney certifies that on February 23, 2018 he e-filed this document through the Court's CM/ECF system which will cause copy of the document to be delivered electronically to the counsel of record for defendants shown below.

Ankur V Shah, Esq.
Shah Legal Representation
333 South Wabash Ave., Suite 2700
Chicago, IL 60604
Email: ashah@shahlegalrep.com

By: /s/Mark E Furlane
Attorney for Plaintiff
Mark E. Furlane, Esq.
Berger, Newmark & Fenchel PC
1753 N. Tripp Avenue
Chicago, IL 60639
Tel: 312/782-7223; Fax: 312/360-7393