# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| VYSE GELATIN COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17-cv-2937 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| JEFFREY HICKS and JT NATURALS | ) | |
| USA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND OPINION ORDER

Before the Court are Defendants' motion to dismiss [31] for lack of jurisdiction, Plaintiff's motion for summary judgment [41], and Plaintiff's motion for leave to file a surreply [49]. For the reasons set forth below, Defendants' motion to dismiss [31] for lack of jurisdiction is denied, Plaintiff's motion for summary judgment [41] is denied, and Plaintiff's motion for leave to file a surreply [49] is denied. The case is set for further status on September 6, 2018 at 9:00 a.m.

## I.     Background

Plaintiff alleges that beginning in December of 2015 and continuing through February of 2016, Defendants JT Naturals USA, LLC ("JT Naturals") and Jeffrey Hicks (who owns, controls and manages JT Naturals), ordered certain products, goods, and services from Plaintiff. [28, at ¶ 9.] Plaintiff delivered the products, goods, and services in a timely manner, *id*., and sent Defendants invoices totaling $80,880.00. *Id*. at ¶ 10. Defendants have not contested these invoices. *Id*. On or about March 15, 2016, Hicks tendered a check to Plaintiff in the amount of $59,280.00, which was returned for insufficient funds. *Id*. at ¶ 12. Defendants directed Plaintiff

to redeposit the returned check, but the check was again returned for insufficient funds. *Id*. at ¶ 13. Hicks acknowledged that JT Naturals owed Plaintiff $80,880.00 and agreed to a payment plan. *Id*. at ¶ 14. Hicks also executed a personal guarantee, in which he agreed personally to be liable for JT Natural's debts. *Id*. at ¶ 16. Hicks further agreed to pay all costs and attorneys' fees incurred by Plaintiff in connection with collecting the debts. *Id*. Defendants only have paid $5,000 of the $80,880.00 that Plaintiff alleges they owe. *Id*. at ¶ 15.

On August 22, 2016, Plaintiff VYSE Gelatin Company, now known as VyGC, Inc., filed suit against JT Naturals and Hicks in Illinois state court. Plaintiff brought breach of contract, account stated, and unjust enrichment claims against Defendant JT Naturals. Plaintiff also brought breach of guaranty and Illinois Deceptive Practices Act claims against Defendant Hicks. Defendants removed the action to federal court, and the case was assigned to this Court.

When Plaintiff filed this lawsuit, its name was VYSE Gelatin Company. On or about August 26, 2016, Plaintiff sold substantially all of its assets to Project Vector LLC (the "Buyer") pursuant to an asset purchase agreement (the "APA"). As part of the sale, Plaintiff sold its name to the Buyer and thereafter changed its name to VyGC, Inc. The parties to the APA intended that all bad debts (*i.e.* al1 accounts receivable overdue more than 90 days as of the closing date) were to be excluded from the assets sold. *Id*. at ¶ 3. The parties to the APA also intended any claims, contracts, choses in action, guaranties and rights related to those bad debts—which would include the claims Plaintiff brought against Defendants—were to be excluded from the assets sold. *Id*. However, these assets erroneously were omitted from the assets excluded from the APA. On February 22, 2018, the parties to the APA entered into a *nunc pro tunc* amendment and restatement to the APA indicating that the parties intended Plaintiff to retain its interest in the receivables at issue as well as any related claims. [28-1.] The *nunc pro tunc* amendment

purported to amend the APA to conform it with that intention. *Id*. On February 23, 2018, Plaintiff filed an amended complaint, which explained the foregoing.

Currently pending before the Court are Defendants' motion to dismiss [31] for lack of jurisdiction, Plaintiff's motion for summary judgment [41], and Plaintiff's motion for leave to file a surreply [49].

## II.     Legal Standard

### A.     Motion to Dismiss

The standard that the Court applies to a Federal Rule of Civil Procedure Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on the purpose of the motion. See *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (*en banc*), *overruled on other grounds by Minn–Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction, the Court accepts all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. See *Apex Digital*, 572 F.3d at 443–44; *United Phosphorus*, 322 F.3d at 946. In ruling on the motion, the district court also may look beyond the jurisdictional allegations alleged in the complaint and take into consideration whatever evidence has been submitted on the issue to determine if subject matter jurisdiction exists. *Cty. of Cook v. HSBC N. Am. Holdings Inc.*, 136 F. Supp. 3d 952, 958 (N.D. Ill. 2015). The burden of proof is on the party asserting that jurisdiction exists—here, Plaintiff. *Id.*; see also *Gonzalez v. Bank of Am., N.A.*, 2014 WL 26283, at *2 (N.D. Ill. Jan. 2, 2014) ("the plaintiff bears the burden of establishing the basis for the court's jurisdiction").

Defendants initially moved to dismiss Plaintiffs claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). However, in their reply, Defendants make clear that they are challenging Plaintiff's prudential standing to bring its claims against Defendants, not Plaintiff's constitutional or statutory standing. [47, at 8-10.] Given that Defendants are challenging Plaintiff's prudential standing, Defendants' motion is properly evaluated under Rule 12(b)(6). *D.G. ex rel. Tang v. William W. Siegel & Assocs., Attorneys at Law, LLC*, 791 F. Supp. 2d 622, 625 n.2 (N.D. Ill. 2011); *MAO-MSO Recovery II, LLC v. Allstate Ins. Co.*, 2018 WL 1565583, at *3 (N.D. Ill. Mar. 30, 2018) ("Because prudential standing does not implicate a court's subject-matter jurisdiction, arguments regarding lack of prudential standing are properly evaluated under the rubric of a motion for failure to state a claim under Rule 12(b)(6)." (citing *Siegel v. HSBC Holdings PLC*, 2017 WL 3521387, at *6 (N.D. Ill. Aug. 14, 2017))); see also *Dunnet Bay Const. Co. v. Borggren*, 799 F.3d 676, 688-89 (7th Cir. 2015) (recognizing that prudential standing is not jurisdictional). Because the documents that Defendants rely on to argue that Plaintiff lacks prudential standing are attached to Plaintiff's complaint, the fact that the Court is evaluating Defendants motion under Rule 12(b)(6) as opposed to Rule 12(b)(1) has no effect on the outcome of Defendants' motion.

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v.*

*Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Evaluating whether a "claim is sufficiently plausible to survive a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *McCauley*, 671 F.3d at 616).

### B. Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris,* 550 U.S. 372, 380 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Gibbs v. Lomas*, 755 F.3d 529, 536 (7th Cir. 2014) (quoting *Jewett v. Anders*, 521 F.3d 818, 821 (7th Cir. 2008)). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). With each motion for summary judgment filed pursuant to Rule 56 "the moving party shall serve and file—(1) any affidavits and other materials referred to in Fed. R. Civ. P. 56(e); (2) a supporting memorandum of law; and (3) a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law[.]" LR 56.1 (N.D. Ill.). The statement of material facts "shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion." *Id*.

"Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials that 'set forth specific facts showing that there is a genuine issue for trial.'" *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008) (quoting Fed. R. Civ. P. 56(e)); see also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of

material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In evaluating a motion for summary judgment, the Court will construe all facts in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party. *Bell v. Taylor*, 827 F.3d 699, 704 (7th Cir. 2016).

## III. Discussion

### A. Subject Matter Jurisdiction

In their initial motion, Defendants appeared to challenge Plaintiff's Article III standing to pursue its claims against Defendants. In making this argument, Defendants cited to *Apex Digital Inc. v. Sears Roebuck & Co.*,[1] which held that a Plaintiff that sold and assigned all rights to the accounts receivable at issue lacked subject matter jurisdiction to bring its claims. 572 F.3 440 (7th Cir. 2009). Although Defendants appear to abandon this argument in their reply—perhaps realizing that if Plaintiff lacked Article III standing the Court would remand Plaintiff's claims instead of dismissing them—the Court must "satisfy itself of federal jurisdiction over the case, and may order a case dismissed when there is no doubt that the" Court lacks jurisdiction. *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 385 (7th Cir. 2001).

Here, Plaintiff has alleged facts—supported by documentary evidence—showing that it was never paid for the accounts receivable at issue, even as part of its asset sale, because the receivables at issue were considered "bad debts" to be excluded from the purchase price. [38, at

---

[1] The other cases cited by Defendants have little or no relevance to the specific facts of this case. *Bayview Loan Servicing, LLC v. Nelson*, 890 N.E.2d 940 (Ill. App. Ct. 2008) (state court case addressing standing in state court); *Abraxis Bioscience, Inc. v. Navinta LLC*, 672 F.3d 1239, 1240 (Fed. Cir. 2011) (holding that party who did not own patent at issue in the case at the time the case was filed or anytime before lacked standing); *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) (discussing standing requirements generally).

¶ 5.]   Even if Plaintiff temporarily sold its interest in the accounts receivable and related guaranty—a fact disputed by Plaintiff [43, at 2]—Plaintiff was never compensated for them. This is sufficient injury to satisfy the requirements of Article III.  *Etransmedia Tech., Inc. v. Allscripts Healthcare, LLC*, 2018 WL 278719, at *4 (N.D. Ill. Jan. 3, 2018) ("[I]f a creditor assigns a delinquent debt to a third party, then the creditor no longer possesses the right to enforce the debt, but she still has standing because she was injured by the debtor's nonpayment and her injury could be redressed through money damages." (citing *Cranpark, Inc. v. Rogers Grp., Inc.*, 821 F.3d 723, 733 (6th Cir. 2016))); see also *DePuy, Inc. v. Zimmer Holdings, Inc.*, 384 F. Supp. 2d 1237, 1239 (N.D. Ill. 2005) (recognizing that an individual shareholder, employee, supplier, or customer of a company could show that they suffered an injury from an infringement of a company's rights that would be sufficient to establish Article III standing, even if they lacked prudential standing to bring claims based on the infringement).  Thus, the Court is satisfied that Plaintiff has Article III standing to pursue its claims.

B.      **Motion to Dismiss**

Defendants argue that because Plaintiff did not own the receivables or the guaranty from the case's inception onward, Plaintiff's claims against Defendants should be dismissed for lack of prudential standing.   [31, at 11-12.]   Defendants further argue that a plaintiff cannot retroactively cure the lapse in prudential standing by entering into a *nunc pro tunc* amendment and partial restatement of the APA.  In other words, Defendants argue that Plaintiff's claims should be dismissed if Plaintiff at any point in the lawsuit lacks prudential standing to bring its claims.

However, the absence of prudential standing can be cured after a lawsuit is filed.  See, *e.g., Intellectual Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1349

(Fed. Cir. 2001). Indeed, Rule 17(a)—which the Seventh Circuit has described as a codification of the prudential standing requirement that a claim be brought by its rightful owner, *RK Co. v. See*, 622 F.3d 846, 851 (7th Cir. 2010)—provides:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3). Defendants' argument that prudential standing must exist from the inception of a case onward is inconsistent with Rule 17(a)'s recognition that a real party in interest may ratify an action or be substituted into an action in which prudential standing is lacking. See *Swearingen-El v. Cook Cty. Sheriff's Dep't*, 456 F. Supp. 2d 986, 990 (N.D. Ill. 2006) (holding that dismissing a lawsuit based on a lapse in prudential standing would be improper under Rule 17(a), where the Plaintiff became the real party in interest after the defendants raised prudential standing in a motion to dismiss). Even cases cited by Defendants recognize that prudential standing challenges raised under Rule 17(a) can be corrected after a case is filed. See *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 760 (7th Cir. 2008) ("While it is true that ratification is a legitimate way to cure an initial failure to prosecute an action in the name of the real party in interest under Fed. R. Civ. P. 17(a), here, [plaintiff] attempted to use it as a means of escaping the consequences of the denial of his motion to substitute plaintiffs.").

Furthermore, although the Federal Circuit has held that a plaintiff in a patent case must have the right to sue for the challenged infringement at the time suit is filed, see, *e.g., Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1367 (Fed. Cir. 2010),[2] the Federal Circuit has

---

[2] Sometimes these cases are analyzed under an Article III analysis, *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1367 (Fed. Cir. 2010), while at other times they are analyzed under a prudential analysis. See *DePuy*, Inc., 384 F. Supp. 2d 1237, at 1240. Because Plaintiff in this case had Article III standing and prudential standing at the time it filed its lawsuit—by way of its ownership of the

also recognized that temporary lapses in ownership during the pendency of a lawsuit do not eliminate jurisdiction. See *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) ("[T]he mootness in this case was only temporary. Schreiber regained its stake in the litigation when it reacquired the '860 patent before the entry of judgment."); *cf. DePuy, Inc. v. Zimmer Holdings, Inc.*, 384 F. Supp. 2d 1237, 1240 (N.D. Ill. 2005) (dismissing patent suit for lack of prudential standing because (unlike *Schreiber*) the case did not involve "a harmless, temporary lapse of standing after the suit was properly filed by the patentee"). In this case, Plaintiff had ownership over the accounts receivable and the guaranty at the time it filed suit and has prudential standing today.[3] Plaintiff does not lack prudential standing to pursue its claims because of a temporary lapse in ownership of the accounts receivable and the guaranty at issue in this case.[4] Accordingly, Defendants' motion to dismiss [31] for lack of prudential standing is denied.

---

receivables and guaranty at the time—the Court need not determine whether a plaintiff that had no interest in a patent or receivable at the time a lawsuit was filed or any time before lacks prudential standing, Article III standing, or both.

[3] Pursuant to Section 8.1 of the APA, passage of title occurring under the APA was deemed to have occurred at 12:01 a.m. on August 26, 2016 (the "Closing Date").

[4] No party addresses (1) whether Plaintiff had prudential standing to bring its claims when the case was removed to federal court, or (2) whether the case should be remanded or dismissed due to a lack of prudential standing at the time of removal. Because prudential standing issues are subject to waiver, the Court concludes that any argument for dismissal or remand based on a lack of prudential standing at the time of removal has been waived. *RK Co. v. See*, 622 F.3d 846, 851 (7th Cir. 2010) ("Prudential standing issues are subject to waiver[.]" (citing *MainStreet Org. of Realtors v. Calumet City*, 505 F.3d 742, 749 (7th Cir. 2007))). Regardless, even if Defendants had challenged any lack of prudential standing (as opposed to Article III standing or statutory standing) at the time of removal, concerns over judicial economy would weigh against dismissing or remanding Plaintiff's case only to have it end up in federal court again. *City of Joliet, Ill. v. New W., L.P.*, 562 F.3d 830, 833 (7th Cir. 2009) ("It would be pointless to order this suit remanded, only to have HUD re-remove it in a trice. The Supreme Court has held that, when a suit is removed prematurely, the district court may proceed if it has subject-matter jurisdiction at the time it enters judgment. (citing *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951); *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699 (1972); *Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996)).

### C.  Motion to File Surreply

The parties' briefs on Defendants' motion to dismiss for lack of jurisdiction were sufficient for the Court to rule on the motion.  Accordingly, a surreply is not warranted and Plaintiff's motion to file a surreply [49] is denied.

### D.  Motion for Summary Judgment

Plaintiff has moved for summary judgment on all of its claims against Defendants. However, Plaintiff failed to comply with Rule 56 and Local Rule 56.1.  To begin, Plaintiff's memorandum of law does not cite to Plaintiff's Rule 56.1 statement.  Under Local Rule 56.1, the party moving for summary judgment must cite to its Rule 56.1 statement in its memorandum of law. *Mervyn v. Nelson Westerberg, Inc.*, 142 F. Supp. 3d 663, 664 (N.D. Ill. 2015) (collecting cases).  Failure to comply with this requirement alone is reason to deny a motion for summary judgment. *Id.*

Furthermore, Plaintiff's Local Rule 56.1 statement itself is deficient in many respects. Pursuant to Local Rule 56.1, the Rule 56.1 statement "shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph."  But Plaintiff improperly cites to its verified complaint as support for many of its material facts. *Nisenbaum v. Milwaukee Cty.*, 333 F.3d 804, 810 (7th Cir. 2003) ("Allegations in a complaint are not evidence."); *Tibbs v. City of Chicago*, 469 F.3d 661, 663 n.2 (7th Cir. 2006) (recognizing same).

Even when Plaintiff does cite to specific documents, Plaintiff's citations are deficient. For example, Plaintiff cited to the APA to establish the "closing date" of the asset sale, but Plaintiff did not include any citations to specific provisions of the document.  Furthermore, none

of the exhibits or documents cited to support Plaintiff's statement of facts were properly authenticated, certified, or otherwise shown to be admissible or usable at trial. "To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Scott v. Edinburg*, 346 F.3d 752, 759-60 n.7 (7th Cir. 2003) (citation omitted); see also *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000) ("Sworn testimony is not the only basis on which summary judgment may be granted; rather, the court may consider any material that would be admissible or usable at trial, * * * including properly authenticated and admissible documents or exhibits." (citations and internal quotations omitted)); *Friedel v. City of Madison*, 832 F.2d 965, 970 (7th Cir. 1987) ("[I]t is well-established that supporting materials designed to establish issues of fact in a summary judgment proceeding must be established through one of the vehicles designed to ensure reliability and veracity— depositions, answers to interrogatories, admissions and affidavits. When a party seeks to offer evidence through other exhibits, they must be identified by affidavit or otherwise made admissible in evidence." (internal citations and quotations omitted)).

The Court may rigorously enforce compliance with Local Rule 56.1. See, e.*g., Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings") (citing *Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)). Accordingly, given the deficiencies

noted above, Plaintiff's motion for summary judgment [41] is denied without prejudice to filing a properly supported motion for summary judgment in the future.[5]

Defendants' response also is deficient. Defendant's memorandum of law does not address whether Plaintiff has established the necessary elements of its claims. Instead, Defendant argues that "[a]ll five causes of action carry genuine issues of material fact which are presumed in [Defendants'] favor on [P]laintiff's motion for summary judgment given that [P]laintiff lacked standing to file suit on the receivable as of August 12, 2016." [48, at 7.] As discussed above, Plaintiff does have standing to pursue its claims against Defendants. Accordingly, this argument is now a non-starter.

Defendants also argue that there "are genuine issues of material fact as to whether [P]laintiff is entitled to relief because [P]laintiff represented in the APA executed on August 12, 2016 that it had no plans to file claims or litigation for any receivables, and further represented on August 26, 2016 that it had not filed any litigation between August 12, 2016 and the closing date on August 26, 2016." *Id.* Although Defendants imply that these statements demonstrate the Plaintiff intentionally has sought to mislead the Buyer, Defendants, and/or the Court, these statements are consistent with Plaintiff's explanation, set out in an affidavit, that the parties to

---

[5] Even a cursory review of Plaintiff's motion for summary judgment demonstrates that Plaintiff's motion for summary judgment also falls short in other respects. For example, Plaintiff has not submitted evidence indicating that Defendant Hicks knew at the time he delivered a check to Plaintiff in relation to the accounts receivable at issue that his account was insufficient to pay the check, which is a necessary element of Plaintiff's claim under the Illinois Deceptive Practices Act. *Veteran Supply Co. v. Swaw*, 548 N.E.2d 667, 668 (1989). In addition, Plaintiff brings a breach of contract claim against JT Naturals, but does not include any contract in its summary judgment materials. In response to Defendants' statement that Plaintiff represented in the APA that it did not have contracts with its customers, Plaintiff states that purchase orders from its customers constitute contracts. [52-1, at 5.] But the record does not include any purchase orders. Given all of the procedural and substantive deficiencies in Plaintiff's motion for summary judgment, the Court will not sort through all the substantive arguments raised by the parties at this time. To be sure, Defendants appear to have admitted that they owe Plaintiff the amount claimed (assuming the Plaintiff is able to authenticate the documents attached to its complaint) [28-4]. Still, based on the record before the Court, it currently is unclear upon which theory (or theories) Plaintiff ultimately will be able to prevail (*i.e.* breach of contract, account stated, or unjust enrichment).

the APA did not intend to include the accounts receivable at issue in this case in the assets sold. [38, at 10.] The affidavit further explains that the parties entered into a *nunc pro tunc* amendment to the APA to conform the agreement to that intention. *Id*. at 12-13.[6]

Finally, in its response, Defendants request that the Court order Plaintiff "to produce the full unredacted APA, with full schedules and accompanying documentation in a legible manner, along with all versions of such documents from August 12, 2016 until September 1, 2016. [48, at 8.] Defendants' response attaches an unredacted APA.[7]

In closing, as the Court has noted at previous status hearings, given the relatively small amount in controversy and the fact that Defendants have previously admitted that they owe money to Plaintiff, it is unclear why Defendants continue to vigorously litigate this case, resulting in more attorneys' fees for both parties. This is especially curious in light of the fee-shifting provision in the guaranty signed by Defendant Hicks. The Court therefore understands Plaintiff's frustration with being forced to expend time and resources litigating this case. Still, Plaintiff must comply with the rules in seeking a final disposition of this litigation.

## IV. Conclusion

For the reasons set forth above, Defendants' motion to dismiss [31] for lack of jurisdiction is denied, Plaintiff's motion for summary judgment [41] is denied without prejudice,

---

[6] Defendants' response to Plaintiff's Rule 56.1 statement also is deficient. Specifically, Defendants also fail to cite to the record in disputing Plaintiff's Rule 56.1 statement. For future reference, the Court notes that a responding party's failure to comply with Rule 56 and Local Rule 56.1 may result in statements being admitted for the purposes of the motion for summary judgment. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) ("When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion.").

[7] To the extent there is a dispute among the parties regarding additional documents to be produced, the Court will consider any such arguments in a properly raised motion to compel. Given that Plaintiff's statements regarding the APA can be explained by the fact the parties to the APA did not intend to include the accounts receivable at issue in this case in the assets sold, however, it is not clear why Defendants would continue to pursue discovery relating to the APA.

and Plaintiff's motion for leave to file a surreply [49] is denied.  The case is set for further status

on September 6, 2018 at 9:00 a.m.


Dated: August 20, 2018

                                        _____

                                            Robert M. Dow, Jr.
                                            United States District Judge