UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VYSE GELATIN COMPANY nka VyGC Inc. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JT NATURALS USA LLC & JEFFREY HICKS ) <br> ) <br> ) <br> Defendants. ) | Case No. 17-cv-02937 <br> Judge Dow |

**PLAINTIFF'S MOTION AND COMBINED BRIEF
IN SUPPORT OF MOTION FOR SANCTIONS**

Plaintiff VYSE GELATIN COMPANY nka VyGC Inc., pursuant to Federal Rules of Civil Procedure, Rule 37 and Local Rule 37.1, moves this Court for an order of sanctions against Defendants, awarding Plaintiff default judgment against Defendants, or alternatively prohibiting Defendants from entering evidence at a trial or in summary judgment proceedings in this case, and further, for an award of reasonable attorney's fees incurred by Plaintiff in preparing and pursuing this motion. In support of Plaintiff's motion, it states as follows:

**Background**

1. This is a collection case against Defendant JT Naturals USA LLC and action seeking to enforce a guaranty of payment by Defendant Hicks. Defendants acknowledged the debt, sent a check rejected twice by Defendants' bank as NSF, and thereafter agreed to a payment plan on which they promptly defaulted, necessitating this action. The case was filed in August 2016 in state court, removed by Defendants to this court, and since the case was filed Defendants have delayed their judgment day by over two years by their delaying tactics.

2. After this court denied summary judgment without prejudice on August 20, 2018, on August 28, 2018, Plaintiff served Defendants with interrogatories and requests for production of

88009150.4

documents (the "Discovery") and notices of corporate deposition and deposition of Defendant Hicks. Copies of the Interrogatories and Request for Production are attached, respectively, as Exhibits 1 and 2. Defendants' responses and objections to the Discovery were due Thursday, September 27, 2018.

3. Plaintiff filed a motion to compel on October 12, 2018, seeking the following relief:

> "WHEREFORE, Plaintiff respectfully requests that the court rule that the Defendants have waived their right to serve objections to the Discovery and order the Defendants to respond to the Discovery within 7 days."

4. The motion was heard by this Court on October 18, 2018, and this Court granted Plaintiff's motion ruling in a MINUTE entry (Exhibit 3 hereto) as follows:

> This docket entry was made by the Clerk on Thursday, October 18, 2018: MINUTE entry before the Honorable Robert M. Dow, Jr: Plaintiff's motion to compel discovery [57] is granted. As stated on the record, Defendants are given until 11/1/2018 to produce the outstanding discovery responses; this is a FINAL deadline. Status hearing set for 10/23/2018 is stricken and reset to 11/14/2018 at 9:00 a.m. Mailed notice(cdh, ) (emphasis added)

5. After the hearing on October 18, 2018, Defendants' and Plaintiff's counsel spoke about the case and discovery. Shortly after that call Defendants' counsel sent an email to Plaintiff's counsel (Exhibit 4 hereto), which states:

> **From:** Ankur Shah [mailto:ashah@shahlegalrep.com]
> **Sent:** Thursday, October 18, 2018 5:14 PM
> **To:** Mark Furlane
> **Subject:** Follow up to call today
>
> October 18, 2018
>
> Dear Mark:
>
> I spoke to Jeff about the discovery requests and the consent judgment idea.
>
> Since there are some different moving pieces to this situation, we are going to get you folks the discovery, and start there before we shift gears into other aspects of the case (JT's liability).

2

>Our hope is that as we get some of the items squared away with more certainty, that will bring some more clarity and conditions for meaningful exchange of possibilities to resolve this matter.
>
>We appreciate your understanding given the circumstances.
>
>Thank you very much,
>
>Ankur

6. There was no further communication from Defendants' Counsel until 4:19 PM November 1, 2018, the day this Court set as the "FINAL deadline" for Defendants "to produce the outstanding discovery responses." In an email communication shown below and attached as Exhibit 5, documents were mentioned but not interrogatory answers, and unlike in the prior communication, Defendants' counsel mentioned serving objections:

>**From:** Ankur Shah [mailto:ashah@shahlegalrep.com]
>**Sent:** Thursday, November 01, 2018 4:19 PM
>**To:** Mark Furlane
>**Subject:** Request for extension to complete discovery
>
>November 1, 2018
>
>Dear Mark:
>
>I've reached out to my client and he is getting back to me with discovery documents.
>
>I am hoping we can have an extension to get you the information if I can get you the objections today.
>
>Thank you very much,
>
>Ankur

7. At about 4:40 p.m. on Novembers 1, 2018, counsel for Plaintiff called counsel for Defendants to respond to the email. Among the things discussed, Plaintiff 's counsel told Defendants' counsel that November 1st was the FINAL deadline for Defendants to respond to discovery and Defendants' right to file objections was waived.

3

8.  Defendants served Plaintiff with their discovery responses via email at 11:03 PM on November 1, 2018, attaching 122 pages of documents marked JTPROD0001 to JTPROD0122. Copies of their Responses and Objections to Plaintiff's Interrogatories and Document Requests including those documents are attached as received, respectively, Exhibits 6 and 7. In them Defendants objected to every interrogatory and every request to produce, and except for 122 pages of emails referenced in their objections to 6 of the 18 interrogatories and 2 of the 13 requests for production, Defendants refused to provide the requested documents or to answer the interrogatories. Following Defendants' general objections to each of those eight discovery requests referencing the 122 pages, Defendants added, "Without waiving such objection see JTPROD0001 to JTPROD0122."

9.  When one compares those 122 pages of documents produced to the Interrogatories and Document Requests, it is beyond peradventure that those 122 pages do not nor can they suffice as Defendants' sole substantive response to Plaintiff's Interrogatories and Request for Production. Yet they were Defendants sole substantive response and production. Of those 122 pages, seventy-three of those pages were either wholly exact duplicates of lower numbered pages (42 pages) or they comprised emails wholly included in earlier numbered email strings (31 pages), and of the remaining 49 pages, 5 of those pages were from the new owner of VYSE and nonresponsive and of those 122 pages yet another 18 pages contained one or more emails from earlier produced email strings. Defendants' produced no privilege log or identification of documents being withheld under any of their objections required by Rules 26 and 34.

10. On November 2, 2018, the next morning, Plaintiff's counsel memorialized in an email the parties' counsels prior afternoon's telephone discussion, which led to email exchanges, copies of which are attached as Exhibit 8. In one of those emails Defendants take this position:

4

> We have produced the emails you sought, purchase orders and invoices despite that paperwork already being in your possession. You received the 122 pages of emailed documents yesterday. Those documents include the information that you requested re: orders, billing and the dispute.

11. This does not accurately describe those 122 pages. The earliest email is March 29, 2016, which was after Defendants' bank rejected Defendants' check as NSF for the second time. The requested invoices, purchase orders, other documents and information as to the underlying agreements and transactions between the parties were not among the 122 pages.[1]

12. In one of Defendants' counsel's November 2, 2018 emails Defendants take the unreasonable position, essentially requiring Plaintiff to reset the discovery clock and start anew:

> The emails, invoices, POs and transactions are all with VYSE - there is no obligation to produce documents you already have as that is unnecessary and duplicative.
>
> Please list in a manner that is understandable what it is that you are still seeking after reading the documents we sent you and that you already do not have.

With Defendants having objected to every production request and interrogatory and refused to answer the interrogatories and or produce any requested document except for the 122 pages of largely overlapping and duplicative emails, the answer to what is sought is obvious— Defendants' Responses to the outstanding Discovery ordered by the Court.

**Motion for Sanctions**

13. The Court's order made clear November 1, 2018 was Defendants' FINAL deadline to respond to the outstanding Discovery. Defendants did not comply. Under Fed. R. Civ. P 33(b)(4), "[a]ny untimely objection to an interrogatory is waived, unless the court excuses the failure for good cause." Defendants' failure to timely respond to interrogatories or a request for production of documents "is not excused on the ground that the discovery sought was

---

[1] JTPRO-43-45 was a 12-13-17 email from the new owner of VYSE, attaching a "sample" of the new invoices and bills of lading they would be using prospectively, having nothing to do with this action or the discovery requests.

objectionable, unless the party failing to act has a pending motion for protective order under Rule 26(c))." Fed. R. Civ. P. 37(d). *See also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir.1992)("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."). It is submitted that the court's order also so held.

14. But, even if Defendants had not waived their right to file objections, Defendants filed objections to each and every interrogatory and request for production, and refused to respond, except for 122 pages of documents. It is apparent from review of Defendants objections and refusals to answer the interrogatories, that neither the objections nor Defendants' responses (to the extent any exist) comply with their obligations under the discovery rules and this Court's order. Defendants' objections, responses, and 122 pages are attached for the Court's review, but because of page considerations the following typical examples of Defendants' improper response to the Interrogatories, demonstrate the deficiencies of their objections and responses:

> 5. Identify all purchase orders, contracts or agreements entered into between Plaintiff and Defendants during the relevant period concerning the occurrence or transactions alleged in the Complaint, Amended Complaint, and original Verified Complaint, including any communication relating to the purchase by either Defendant from Plaintiff.
>
> RESPONSE: Objection overbroad, vague and confusing. It is unclear what plaintiff is seeking through this interrogatory which it would not already possess and therefore be duplicative. To the extent that any documents are sought which are internal in reference to this litigation, Defendants assert the attorney-client and work product privileges. Purchase orders between the parties are included in JTPROD0001 to JTPROD0122.[2]
>
> 6. Identify the communications between Plaintiff and Defendant during the relevant period relating or referring to the guaranty of defendant Jeffrey Hicks attached to the Complaint, Amended Complaint, and original Verified Complaint.

---

[2] As a review of the 122 pages shows, no Purchase orders or other requested documents were produced, contrary to this statement, and none are identified as being withheld. The earliest email produced was March 29, 2016, only after Defendants' checks bounced twice. No privilege log was produced.

RESPONSE: Objection overbroad, vague and confusing and duplicative, as these communications, if any exist, should be within the knowledge of the plaintiff. Objection calls for legal conclusion, as the guaranty speaks for itself.

11. Identify every check Defendants sent to Plaintiff during the Relevant Period and as to each check identify the persons with knowledge of those checks and Defendants' checking account, including but not limited to, who created and signed and sent the check to Plaintiff, and the factual basis for that person's and each of the Defendants' knowledge that at the time the check was issued or directions were made by or on behalf of Defendants to Plaintiff to deposit or redeposit the check, that there was and would be sufficient unencumbered funds in Defendants' checking account to cover the amount of those checks when presented to the bank.

RESPONSE: Objection this request is overbroad, vague, confusing and duplicative as the documents requested are already in the possession of plaintiff. It is unclear what plaintiff is seeking through this interrogatory that is not already available through plaintiff's Complaint or plaintiff's own records. To the extent that any internal communications are sought from Defendants, Defendants assert the attorney-client and work product privileges. allegations are denied, the denials speak for themselves.

13. Identify whether Defendants assert they do not owe Plaintiff the $75,880 sought in this action, or any part of it, and if yes, then identify the facts and documents, if any, which Defendants claim to support their assertion, including as to each fact or document identifying the person(s) with knowledge of the facts underlying each asserted defense.

RESPONSE: Objection this request is overbroad, vague, confusing and duplicative as the basis for Defendant's defenses are embodied in Defendant's motions, answer, and affirmative defenses.

17. Identify all NSF checks issued by Defendants during the Relevant Period[3].

RESPONSE: Objection this request is overbroad, vague, confusing, irrelevant, and assumes facts not in evidence. It is unclear what plaintiff is seeking through this interrogatory that is not already available through plaintiff's own Complaint or records.

15.    As with their Interrogatory Answers in Defendants' Response to Plaintiff's request to produce they object to every request, and refuse to produce requested documents, except for 122 pages. Again, because of space considerations, the following are typical of Defendants' improper objections/responses and refusals to produce requested documents:

---

[3] "Relevant Period" was defined in the Interrogatories as, ""Relevant period" means the time period from August 31, 2014 and January 1, 2017." This request and the request for financial and checking account records are relevant to Defendants' knowing issuance of checks without sufficient funds, and Defendants refused to provide any responsive documents.

7

Request 1. The documents and communications referred to or identified in your Answers to Interrogatories and documents related or referring to those documents.

RESPONSE: Objection this request is overbroad, vague, confusing, irrelevant, and duplicative, as the plaintiff's interrogatories similarly are overbroad, vague, confusing, irrelevant and seek duplicative information already in the possession of the plaintiff. Without waiving such objection see JTPROD0001 to JTPROD0122.

Request 5. All contracts or agreements entered into between Plaintiff and Defendants concerning the occurrence or transactions alleged in the Complaint, Amended Complaint, and original Verified Complaint.

RESPONSE: Objection this request is overbroad, vague, confusing, irrelevant, assumes facts not in evidence, and calls for a legal conclusion. To the extent that any documents are alleged to exist, they would be duplicative.

Request 6. All documents concerning any defenses to Plaintiff's claim for damages or the methods used to calculate such alleged damages, or interest, or attorney's fees, or punitive damages.

RESPONSE: Objection this request is overbroad, vague, confusing, irrelevant, assumes facts not in evidence, and calls for a legal conclusion. Also, to the extent Defendants contest damages through their defenses, those defenses are stated in Defendant's Answer, Affirmative Defenses, and Motions.

Request 8. All documents relating or referring to the Jeffrey Hicks guaranty attached to the Complaint, Amended Complaint, and original Verified Complaint or any communications relating thereto.

RESPONSE: Objection this request is overbroad, vague, confusing and duplicative. Communications involving the guaranty would be in the possession of the plaintiff already. Also, to the extent communications exist regarding the guaranty outside that context, such documents would be privileged. Discussions regarding the guaranty between attorney and client have been on-going and will not be produced pursuant to attorney-client privilege.

Request 10. All documents referred to in the Complaint, Amended Complaint, and original Verified Complaint and all documents relating to any of those documents.

RESPONSE: Objection this request is duplicative as it seeks documents attached to the plaintiff's own pleadings, and plaintiff possesses such documents and documents related to those documents already. Without waiving such objection see JTPROD0001 to JTPROD0122.

16. A requesting party is broadly entitled to production of documents within a responding party's possession, custody, or control, regardless of whether the requesting party possesses the same documents. Fed. R. Civ. P. 34(a). Yet, Defendants refuse to answer the interrogatories or produce anything other than the 122 pages of documents, and review of those 122 pages of documents demonstrates Defendants made materially incomplete responses to the Discovery.

17. None of Defendants' objections identify whether documents are being withheld based on the objection or what they are, and no privilege log was produced with regard to their attorney client and work product privilege objections. As to the objections to the production request, even if Defendants had a right to object they still have to follow the rules. Rule 34(b)(2)(b) and (c) require:

> (B) Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons.
>
> (C) Objections. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.
> (emphasis added.)

18. The recent amendments to Rule 34 require specificity in objections, and even if Defendants' had not waived their rights to object, their general objections do not comply with Rules 33 or 34 requirements of specificity. Rule 33(b)(4) states that "the grounds for objecting to an interrogatory must be stated with specificity." Even before the 2015 amendments to the discovery rules, courts rejected such broad objections. *Cusic v. Glass Mountain Capital, LLC,* 2013 WL 10209048, at *1 (N.D. Ill. June 26, 2013) (citing *Buonauro v. City of Berwyn*, 2011 WL 2110133, at *1-2 (N.D. Ill. May 25, 2011)); *Avanta Intl. Tech., Inc. v. Hart Inercivic, Inc.*, 2008 WL 2074093, at *3 (S.D. Ill. May 14, 2008).

9

19. Defendants made a generalized objection with no interrogatory answers, no production of documents (except for the 122 pages), no indication of whether and which documents are being withheld. Only in a handful of the discovery requests did Defendants even refer to the 122 pages, and they did so as Defendants sole production and answers to interrogatories. All 122 pages of documents are after the second rejection by Defendants' bank of the Defendants' check for NSF, and cannot justify Defendants' refusal to respond to the Discovery.

20. Despite Defendants' statements to the contrary, those 122 pages do not contain any requested documents with respect to the transactions underlying the complaint. There were no purchase orders, invoices, bill of ladings, checks, checking account records, or other such requested communications and documents relating to the orders, shipments and invoices underlying the claims in the First Amended Complaint, or the contemporaneous communications surrounding them. The few pages of emails Defendants did produce all postdate the requested business dealings and communications between the parties, the banking situation, including the contemporaneous communications surrounding the Defendants' issuance of the bad checks. No guaranty was produced and no contemporaneous communications surrounding issuance of the guaranty. All emails—the only information produced, deal with the Plaintiff's collection efforts and all documents follow Defendants' banks' second rejection of the checks issued by defendant underlying claims in the complaint.

21. Another example is Defendants' refusal to answer Interrogatories Nos. 8 and 10:

> Interrogatory 8. Identify the factual basis, supporting documents, and legal basis for each claim alleged in the Complaint, Amended Complaint, and original Verified Complaint, as to which either or both defendants assert that they have a partial and/or whole defense to any of the claims alleged in the Complaint, Amended Complaint, and original Verified Complaint, including an assertion by either or both Defendant that they do not owe Plaintiff any or all of the money, interest or attorney's fees sought by Plaintiff in this action.
>
> RESPONSE: Objection vague and confusing. Objection calls for a legal conclusions. To

the extent that a response is required - please see Defendants' affirmative defenses. Without waiving such objection see JTPROD0001 to JTPROD0122.

Interrogatory 10. As to each allegation of the Verified Complaint, Complaint and Amended Complaint that you do not admit in its entirety, identify the factual basis and identify the supporting documents for your assertion that the factual allegation is not true.

RESPONSE: Objection overbroad, vague and confusing. It is unclear what plaintiff is seeking through this interrogatory that is not already answered through the denials which it references. To the extent that any allegations are denied, the denials speak for themselves.

22. Defendants also allege four affirmative defenses,[4] and as seen in their refusal to respond to the above Interrogatories nos. 8 and 10, which includes their refusals to provide and factual basis or documents relating to those defenses. These are improper, given that in their answer, the denials of either or both of the Defendants includes most allegations in the First Amended Complaint:

Answer to ¶ No. 7. For a long period of time prior to Plaintiff filing the Lawsuit, JT and Hicks had a continuing business relationship with Plaintiff, had submitted orders to and purchased products from and negotiated terms with Plaintiff regarding items ordered and delivered, sent checks to Plaintiff in Cook County, Illinois with nonsufficient funds in JT's checking account, which Checks were dishonored by JT's bank, all with JT and Hicks thereby deriving benefits from these activities to the detriment of Plaintiff in Illinois. This Court therefore has Jurisdiction over the parties pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-209 and 28 U.S.C. §1332.

RESPONSE: Denied.

Answer to ¶ 9. Beginning in December of 2015 and continuing to February 2016, JT and Hicks ordered certain products, goods, and services from Plaintiff, and Plaintiff prior to March 18, 2016 delivered the products and goods in a timely manner to Defendants.

RESPONSE: Denied

---

[4] First Affirmative Defense - Plaintiff's Breach of Implied Covenant of Good Faith and Fair Dealing; Second Affirmative Defense - Plaintiff's Violation of the Illinois Surety Act; Third Affirmative Defense - Plaintiff's Lack of Ability to Enforce the Guaranty Against Defendant Hicks; Fourth Affirmative Defense Plaintiff's Unclean Hands.

11

>Answer to ¶ 16. On January 19, 2015 Hicks, executed and provided to Plaintiff a personal guaranty by which he agreed to guaranty the debts owed to Plaintiff by JT in consideration of Plaintiff selling products to JT, and by further in said guaranty agreeing to pay all costs and attorneys' fees incurred by Plaintiff in collecting upon the debts owed to it by JT. (See Exhibit A to Exhibit A attached hereto and also Exhibit E attached hereto).
>
>RESPONSE: Denied that Hicks provided an enforceable guaranty to Plaintiff, since Plaintiff sold the guaranty to NITTA, and NITTA sold it back to VyGC Inc. in February of 2018, and guaranties require separate and independent consideration between contracting parties, and denied for the other reasons stated in this Answer and Affirmative Defenses.

23. Defendants answer also seemingly deny/refuse to even acknowledge Hicks signed a guaranty attached to the complaint, but then Defendants refuse to answer Interrogatory No. 8:

>6. Identify the communications between Plaintiff and Defendant during the relevant period relating or referring to the guaranty of defendant Jeffrey Hicks attached to the Complaint, Amended Complaint, and original Verified Complaint.
>
>RESPONSE: Objection overbroad, vague and confusing and duplicative, as these communications, if any exist, should be within the knowledge of the plaintiff. Objection calls for legal conclusion, as the guaranty speaks for itself.

Likewise they refuse to produce the guaranty and any related documents:

>Request 8. All documents relating or referring to the Jeffrey Hicks guaranty attached to the Complaint, Amended Complaint, and original Verified Complaint or any communications relating thereto.
>
>RESPONSE: Objection this request is overbroad, vague, confusing and duplicative. Communications involving the guaranty would be in the possession of the plaintiff already. Also, to the extent communications exist regarding the guaranty outside that context, such documents would be privileged. Discussions regarding the guaranty between attorney and client have been on-going and will not be produced pursuant to attorney-client privilege.

Not one document relating to the guaranty was produced, and no privilege log was produced.

24. Defendants' objections, refusal to respond to discovery, and in general their approach, all fly in the face of this Court's order and Federal Rule 29, which does not permit the parties to drag discovery out past the FINAL Deadline as ordered by the Court. Pursuant to Local Rule 37.2 after good faith attempts to resolve their differences including personal consultations as

12

shown in the attached and in attachments to Plaintiff's original motion to compel, the parties are unable to reach an accord.

25. Rule 37(b)(2) allows this court to order sanctions for Defendants failure to comply with its FINAL discovery deadline for Defendants. In relevant part the rule states:

Rule 37(b) FAILURE TO COMPLY WITH A COURT ORDER.

> (2) *Sanctions Sought in the District Where the Action Is Pending.*
>
> (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>>
>> (iii) striking pleadings in whole or in part;
>>
>> (iv) staying further proceedings until the order is obeyed;
>>
>> (v) dismissing the action or proceeding in whole or in part;
>>
>> (vi) rendering a default judgment against the disobedient party; or
>>
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

26. Defendants have placed roadblock after roadblock in the way of Plaintiff having its day in court. The Court's order could not have been clearer—FINAL Deadline. This is but the latest delay, and it is one that disrespects the federal discovery rules and this Court's order.

## Conclusion

27. Defendants' failure to file objections and responses to discovery before the October 18, 2018 hearing on Plaintiff's motion to compel or until the eleventh hour on November 1, 2018, is simply more of what Defendants have been doing since 2016 in this case---delay. But, beyond that, faced with this court's Final deadline for discovery production, Defendants sought no clarification from Plaintiff before the "FINAL deadline" to respond to outstanding discovery,

13

they served generalized, nonspecific objections to each and every discovery request, they served no privilege log, and they produced only 122 pages of *post hac* documents that were largely duplicates. Regardless whether Defendants believed they still could file objections to the Discovery, which neither the federal rules nor this Court's October 18, 2018 permit, their responses and objections are improper.

28      Plaintiff respectfully requests the Court to issue sanctions against Defendants for disregard of the federal discovery rules and this Court's order of October 18, 2018, under the most stringent of the permissible sanctions for Defendants' violation of the Federal discovery rules and this Court's order. It is respectfully requested that this court enter judgment by default

> (a) jointly and severally against Defendants JT Natural and Hicks for the amount of the debt sought of $ $75,880.00, plus accrued interest at the rate of 5% per year; plus a penalty as allowed under Illinois law, and attorney fees and costs; and
>
> (b) jointly and severally against Defendants JT Natural and Hicks for reasonable attorney's fees as permitted under the Illinois Deceptive Practices Act, and against Hicks personally for Plaintiff's reasonable attorneys' fees pursuant to the Guaranty Hicks signed, which provides for his payment of attorney's fees plaintiff incurred in collecting these debts.

29.     Alternatively, if this court does not agree that default judgment is warranted as a sanction, it is respectfully requested that the Court order Defendants to produce the requested discovery within seven (7) days and further, to strike Defendants Affirmative or other Defenses and prohibit Defendants from opposing claims in the First Amended Complaint and from introducing any evidence in response to a summary judgment motion by the parties or at trial, or to otherwise use any documents or information produced by or in the possession or control of Defendants. or that was or should have been produced by Defendants in discovery, for any purpose in any summary judgment proceedings or at trial of this matter. Further, Defendants should be ordered jointly and severally to pay Plaintiff its reasonable attorney's fees in bringing this motion. And, that as to Defendants' payment to Plaintiff of those attorney's fees, that

Defendants must pay Plaintiff those fees by a date certain or default judgment should be entered against Defendants jointly and severally for the amounts sought above in Plaintiff's first requested relief.

Dated: November 5, 2018

Respectfully submitted,

VYSE GELATIN COMPANY nka VyGC Inc.

By: /s/ Mark E. Furlane
Mark E. Furlane (ARDC #0897175)
Berger, Newmark & Fenchel P.C.
20 N. Wacker Drive, Suite 910
Chicago, IL 60606
Telephone: (312) 704-7223
mfurlane@bnf-law.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on November 5, 2018 he e-filed this motion through the Court's CM/ECF system which will cause copy of the document to be delivered electronically to the counsel of record for defendant(s) shown below:

Ankur V Shah, Esq.
Shah Legal Representation
333 South Wabash Ave., Suite 2700
Chicago, IL 60604
Email: ash@shahlegalrep.com

/s/Mark E Furlane