**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VYSE GELATIN COMPANY, )<br>)<br>   Plaintiff, )<br>)<br> v. )<br>)<br>)<br>)<br>JT NATURALS USA LLC & JEFFREY HICKS )<br>)<br>)<br>   Defendants. ) | Case No: 17 - cv - 02937<br>The Honorable Robert M. Dow Jr. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RULE 37 and LR 37.1 SANCTIONS**

  Defendants through SHAH LEGAL REPRESENTATION responds to plaintiff's motion for Fed. R. Civ. P. 37 and LR 37.1 sanctions, as follows:

**INTRODUCTION**

  Plaintiff's motion for sanctions should be denied. First, plaintiff's propounded discovery is vague, overly broad, confusing, and seeks duplicative information already in its possession. Second, when asked to clarify, specify, and/or provide examples of discovery materials which plaintiff seeks and would not already have in its possession - plaintiff was unable and unwilling to provide any such clarification, specification, or examples. Third, plaintiff has misrepresented and repeatedly withheld information about basic information critical to the proper defense of this case - including but not limited to representing that the sale of the underlying receivable and guaranty was

nothing more than a routine name change, and refusing to provide a full copy of the APA despite this Court's Order to do so roughly one year or more ago.

## BACKGROUND AND FACTS

Upon filing its Complaint on August 22, 2016 in the Circuit Court of Cook County, VYSE served its Complaint upon JT Naturals USA LLC, and upon Hicks with an expired summons. Because Hicks had not yet been properly served, Defendants successfully removed the case to this Honorable Court on April 19, 2017.

In the summer of 2017, JT Naturals learned that plaintiff had engaged in a major asset sale with NITTA. Counsel for defendants raised this issue in its initial disclosures and at hearing upon learning the information. Counsel for plaintiff assured defendants counsel and the Court that JT Naturals had raised a red-herring and misrepresented facts to the Court, and counsel for plaintiff represented that VYSE had undergone nothing more than a name change, sale of only certain receivables were made to NITTA, and that receivables 90 days past due were not sold to NITTA. Plaintiff's representations were made on July 24, 2017, August 8, 2017, September 13, 2017, September 20, 2017, and February 23, 2018 among other occasions.

In order to clarify the underlying transaction, the Court instructed plaintiffs to provide defendants with a copy of the APA. Plaintiffs then produced a redacted and partial version of the APA. It was not until roughly a year later that plaintiff produced the whole APA - a single document in plaintiff's possession from the inception of the litigation and which plaintiff attempted to bury in a mirage of "name change" documents which it attempted to represent had nothing to do with the substance of the

APA transaction (which is false). Plaintiff's decision to engage in a "Restatement" of understanding with NITTA Gelatin NA prove its false representations to the Court, false accusation that Defendants lied to the Court, and false claims that it owned the JT Naturals USA LLC receivables after August 12, 2016. *Id.*

On August 20, 2018, the Court denied plaintiff's motion for summary judgment and defendant's motion to dismiss for lack of prudential standing. On August 28, 2018, plaintiff issued requests to produce, interrogatories, and two notices of deposition both for Jeff Hicks without consulting counsel about his or his client's availability for such depositions.

On September 24, 2018, Defendant Answered the Complaint. On or around October 18, 2018, after plaintiff's motion to compel, the Court established a November 1, 2018 deadline for Defendants to respond to Plaintiff's discovery requests. On or about October 18, 2018, Defendant communicated with plaintiff's counsel in good faith about plaintiff agreeing to voluntarily dismiss Hicks as a means to narrow the scope of the case. On November 1, 2018, Defendant's produced 122 pages of responsive discovery materials to plaintiff.

Nonetheless, on November 5, 2018, with little to no explanation or consultation about what specifically plaintiff was seeking that had not already been provided or would not already be in plaintiff's possession, plaintiff filed its thirty paragraph motion for sanctions, which similarly does not mention which types or categories of documents plaintiff seeks which plaintiff already does not have in its possession.

## **DISCUSSION**

### I. Plaintiff's Motion for Rule 37 and Local Rule 37.1 Sanctions Should Be Denied.

Motions to compel disclosure or discovery must include a certification that good faith attempts to confer have been made and to obtain discovery without court action. Fed. R. Civ. P 37(a). In the event disclosures are made after motion, or the Court grants a motion to compel, the Court must not order the payment of expenses if the movant failed to attempt in good faith to obtain discovery without court action, the nondisclosure was substantially justified, or other circumstances would make such an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). In addition, if a movant's motion is denied, a Court may issue a protective order, and require the movant, the attorney filing the motion, or both to pay the party who opposed the motion reasonable expenses incurred in opposing the motion including attorneys fees. Fed. R. Civ. P. 37(a)(5)(B).

Fed. R. Civ. P. 37(b)(2) states parties failing to comply with a Court's order in discovery planning, physical or mental examination, and/or pursuant to a motion to compel may warrant further just orders.

Irrespective of the specific provision within Rule 37 of the Federal Rules which is applied, federal courts have consistently evaluated the common-sense and practical questions of whether any alleged non disclosure resulted in surprise, incurable prejudice, disruption to a trial, and/or bad faith behind any nondisclosure. *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012) (listing factors to determine whether an alleged failure to disclose was substantially justified or harmless).

In this case, plaintiff's Rule 37 and Local Rule 37.1 request for sanctions fails under each and every legal criteria applicable to plaintiff's motion. Plaintiff failed to discuss in *good faith* what information it was seeking from Defendants which it would not already have. Plaintiff's discovery requests were generally of a nature which made requests of a vague and confusing type such as "all documents relevant to all pleadings" or "all documents relevant to its own complaint." Such discovery requests without a willingness to provide clarification or narrower scope upon good faith requests by defense counsel shows that plaintiff's counsel did not attempt to resolve the discovery issues in good faith - instead after receiving all emails in defendant's possession regarding plaintiff - just four days later, plaintiff sought sanctions.

Secondly, any purported non disclosure would be justified as plaintiff's demands for its own invoices, contracts, and other similar documentation are duplicative and are in essence demands for copies of documents it already has in its possession.

Third, given that plaintiff took roughly one year to produce its own APA and misrepresentations about the nature of the asset sale despite this Court's Order to provide the full APA, it is plaintiff and not defendant which defied the Court's Orders warranting sanctions pursuant to Rule 37.

Fourth, Local Rule 37.1 requires an affidavit which plaintiff has failed to provide. In addition, Local Rule 37.1 is gauged around contempt, and plaintiff has not made any allegation involving contempt.

Fifth, regardless of the more technical considerations above, plaintiff has not and will not suffer any surprise, incurable prejudice, disruption at trial, or bad faith by defendants discovery disclosures. *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012).

Sixth and lastly, although plaintiff has voluminously made roughly 30 paragraphs of aggressive ad hominem stream of consciousness attacks against defendants, none can successfully change the fact that this case would have been in a far more advanced position had the plaintiffs disclosed the truth about the asset sale from the very beginning. Plaintiffs attempts to argue that defendants waived their ability to object to discovery is without merit after considering the leniency plaintiff's received after their incremental and partial disclosures of the APA to date.

WHEREFORE, Defendants ask this Honorable Court deny plaintiff's requested relief and provide Defendants any relief deemed equitable and just.

Dated: December 12, 2018

Respectfully submitted,

DEFENDANTS,

/s/ Ankur Shah

_____
*One of its attorneys*

Ankur Shah
SHAH LEGAL REPRESENTATION
333 South Wabash Ave., Suite 2700
Chicago, IL 60604
T: (312) 612 - 9221
E: ashah@shahlegalrep.com

**CERTIFICATE OF SERVICE**

  Ankur Shah, an attorney, hereby certifies that a true and correct copy of the foregoing Response to Plaintiff's Motion for Sanctions was filed with the Court's CM/ECF electronic filing system on the date docketed and served via CM/ECF on:

Attorneys for Plaintiff
Mark Furlane
Berger Newmark & Fenchel
1753 N Tripp Ave
Chicago, IL 60639
Tel: (312) 782-5050
mfurlane@bnf-law.com

                  /s/ Ankur Shah
                  _____

Ankur Shah
*Attorney for Defendants*
SHAH LEGAL REPRESENTATION
333 South Wabash Ave, Suite 2700
Chicago, IL 60604
(312) 612-9221


Date: December 12, 2018