UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VYSE GELATIN COMPANY nka VyGC Inc. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JT NATURALS USA LLC & JEFFREY HICKS )<br>)<br>)<br>Defendants. ) | Case No. 17-cv-02937<br>Judge Dow |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS
<u>MOTION FOR SANCTIONS</u>**

Plaintiff VYSE GELATIN COMPANY nka VyGC Inc., in Reply to Defendants' Response to Plaintiff's Motion for Sanctions pursuant to Fed. R. of Civ. Pro., Rule 37, states as follows:

**<u>Background</u>**

1. This is a collection and deceptive practices action against Defendants JT Naturals USA LLC and Hicks, and an action seeking to enforce a guaranty of payment by Defendant Hicks. Although Defendants have denied all liability in their answers, they acknowledged the underlying debt in various emails, and sent a JT Naturals LLC[1] check for $59,880 (which check was rejected twice by JT Naturals LLC's bank as NSF). Thereafter, on June 16, 2016, Defendants, together with JT Naturals LLC, agreed to a payment plan of $5,000 weekly on the then agreed to $80,880 outstanding balance, and on which payment plan Defendants and JT Naturals LLC promptly defaulted after making only one payment.[2] In August 2016, Plaintiff

---

[1] Defendant Hicks is Managing Member of defendant JT Naturals USA LLC and JT Naturals LLC with both having done business as JT Naturals. See Exhibit 1 hereto; JTPROD0068-78 attached to Exhibit 7 to the Motion for Sanctions.

[2] See JTPROD0046 and JTPROD0064-78 attached to Exhibit 7 to the Motion for Sanctions.

filed this case in Illinois state court, the Defendants subsequently removed the case to this court, and since its filing Defendants have successfully delayed paying their debt by over two years.

2. The discovery sought is relevant and material to the claims made in the Verified and First Amended Complaints, and even more so with Defendant Hicks' most recent claim in his motion to dismiss (filed after answering the First Amended Complaint). Hicks' argument is that he only guaranteed debts of JT Naturals LLC, and not Defendant JT Naturals USA LLC, and since Plaintiff's invoices were to the latter, Hicks is not liable.

3. Hicks' motion to dismiss is stayed pending the outcome of this motion, but even if Hicks' guaranty is limited to debts of JT Naturals LLC, the First Amended Complaint states a claim for relief against Hicks. Such assertion does, however, expand the scope of relevant discovery as the issues are broadened by Hick's assertions, as they now also include claims against Hicks under the guaranty based on JT Naturals LLC's debt to Plaintiff. Therefore, the subject discovery is relevant to demonstrate that Hicks' liability under the guaranty is based on an account stated, contract, deceptive practices and commercial paper claims arising from both JT Naturals entities' debts as alleged in the Verified and First Amended Complaint, including:

    a. To establish that even the 122 pages of documents Defendants produced show that Hicks, JT Naturals LLC, and JT Naturals USA LLC observed no corporate formalities and Hicks operated JT Naturals without regard to corporate form.

    b. To establish the elements of JT Naturals LLC's deceptive practices and commercial code debt to Plaintiff as indicated by Exhibit B to the Verified and First Amended Complaint; e.g., ***JT Naturals LLC NSF check*** issued by Hicks to Plaintiff for $59,280, was rejected twice by JT Naturals LLC's bank as NSF.

    c. To establish the elements of JT Naturals LLC's debt to Plaintiff as indicated by Exhibit E to the Verified and First Amended Complaint—e.g., the April 14, 2016 letter to Hicks, Manager of JT Naturals LLC, demanding payment and noting Hicks' guaranty and the UCC and the deceptive practices violations of Hicks and JT Natural LLC by issuance of the NSF check.

    d. To establish the elements of JT Naturals LLC's debt to Plaintiff as indicated on Exhibit E to the Verified and First Amended Complaint, which is Hicks and JT Naturals

      LLC May 27, 2016 JT Naturals' payment plan offered to forestall litigation by VYSE, and under which Hicks and ***JT Naturals LLC*** agree to pay JT Naturals' debt to Plaintiff according to the therein contained schedule, which offer Hicks revised on June 16, 2016, to a payment plan ("our offer") to $5,000 per week until paid in full. Pages JTPROD0006 and JTPROD00011 attached to Exhibit 7 of the Motion for Sanctions.

      e.     To establish the elements of JT Naturals LLC's debt to Plaintiff as alleged in the Verified and First Amended Complaints, that after the first payment, JT Naturals and Hicks thereafter refused to make any further promised payments on the balance due and owing. It is believed JT Naturals LLC (not JT Naturals USA LLC) made the first $5,000 installment payment, but Defendants refused to produce copies of that checking account and other requested banking records from which such facts could be verified.

In short, whether under the original invoices or under the actions of Defendants and JT Naturals LLC, Hicks is liable to Plaintiff for the amounts sought in the First Amended Complaint.

## Argument

4.     Defendants object to each and every discovery request and interrogatory, and they answer no interrogatories, except to reference 122 pages[3] of documents attached to their objections (they are certainly not "responses") in five Interrogatories and two document requests.[4] Plaintiff maintains that Defendants waived their right to object and were required by the discovery rules and this court's order to actually respond with answers and responsive documents to the discovery by November 1, 2018. F. Rule Civ. Pro., Rule 33(b)(4) states:

> "Objections. The grounds for objecting to an interrogatory must be stated with specificity. *Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure*. (Emphasis added.)

Federal Rules of Civil Procedure, Rule 34(b)(2) similarly requires:

> (2) Responses and Objections.

---

[3] The 122 pages of emails are largely duplicative and all postdate the $59,280 NSF JT Naturals LLC check issued to Plaintiff. The 122 pages are attached to the sanctions' motion and attached as Exhibit 2 hereto is a summary of the duplications among those 122 email pages.

[4] The 122 pages are referenced in response to Interrogatory Nos. 1, 2, 5, 7, 8 of the 18 interrogatories and in Document Requests Response Nos. 1 and 10 of 13 document requests. Defendants fail to indicate whether other responsive documents and information exists that is being withheld under the objections, contrary to the discovery rules requirements. In all other responses, only objections are made—no answers or reference to the 122 pages attached.

> (A) Time to Respond. The party to whom the request is directed must respond in writing within 30 days after being served or....
> (B) Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons…..
> (C) Objections. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

5. "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir.1992). Defendants did not file timely responses or objections, and never sought leave of court to do so. Defendants could have but never sought a protective order under Rule 26(c), and they never attempted to present good cause for their failure to make timely objections. Instead, they argue they are excused because they did not get the redacted part of the APA and its schedules until earlier this year, even though they had them before Hicks was served, before Defendants filed their denied motion to dismiss, and before Plaintiff filed its First Amended Complaint, and Defendants only answered after this court ordered them to do so.

6. Defendants identify three arguments purporting to justify their objections. First, Defendants claim the requested discovery is "vague, overly broad, confusing and seeks duplicative information already in its possession," and that Plaintiff failed to advise Defendants what besides the 122 pages of largely duplicative emails they want. Defendants provide no justification for failing to seek clarification before filing their objections to discovery at 9:00 PM on the evening of the "FINAL deadline" ordered by the court for Defendants' production. Objecting to every discovery request, except to produce the 122 pages of largely duplicative, only partially responsive emails, and having sought no clarification before their responses were originally due, or before the motion to compel was filed, or before the court's ordered "FINAL deadline" for Defendants to serve their responses to both discovery requests, Defendants then

4

ask after the FINAL deadline—"what else do you want?". Only after the November 1, 2018 FINAL deadline passed did Defendants claim they need clarification, refusing to provide even such information as is clearly requested in Plaintiff's interrogatories and document requests.

7. Even had Defendants not waived their right to object, Defendants ignore the recent amendments to Rule 34 requiring specificity and full disclosure in making objections. The amendment to Rule 34 added:

> Rule 34(B)(2)(b).. For each item or category, the response must either state that the inspection and related activities will be permitted as requested or state <u>with specificity the grounds for objecting</u> to the request, including the reasons.
>
> Rule 34(B)(2)(c) <u>An objection must state whether any responsive materials are being withheld on the basis of that objection.</u> An objection to part of a request must specify the part and permit inspection of the rest.

As noted in the comments to the 2015 amendment to Rule 34:

> "This provision adopts the language of Rule 33(b)(4), eliminating any doubt that less specific objections might be suitable under Rule 34. The specificity of the objection ties to the new provision in Rule 34(b)(2)(C) directing that an objection must state whether any responsive materials are being withheld on the basis of that objection.

8. Courts have repeatedly warned litigants who oppose discovery that their "burden cannot be met by a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Burkybile v. Mitshubishi Motors Corp.*, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006) (citing extensive cases); *United Auto. Ins. v. Veluchamy*, 2010 WL 749980, at *5 (N.D. Ill. March 4, 2010) (citing cases); *Fischer v. Forrest*, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) (Peck, Mag.)("the responses to requests 1-2 stating that the requests are 'overly broad and unduly burdensome' is meaningless boilerplate. Why is it burdensome? How is it overly broad? This language tells the Court nothing. Indeed, even before the December 1, 2015 rules amendments, judicial decisions

5

criticized such boilerplate objections. *See, e.g., Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008) (Grimm, M.J.) ("[B]oilierplate objections that a request for discovery is `over[broad] and unduly burdensome, and not reasonably calculated to lead to the discovery of material admissible in evidence,' persist despite a litany of decisions from courts, including this one, that such objections are improper unless based on particularized facts.'"))

9. Defendants' second argument for refusing to provide discovery responses is that some requests "seeks duplicative information already in its possession." As shown below, much of the information requested from Defendants could not reasonably be considered as "duplicative information already in [Plaintiff's] possession." But even if that was not the case the objection is not well taken because Rule 33 and 34 allow discovery of all information in the possession or control of the party from which discovery is sought. Without identifying what they withheld if anything, Defendants simply cannot in good faith claim an unreasonable burden in producing the requested information. Moreover, a claim that an email or document was never received is less likely to carry weight when the email is produced by the Defendants.

10. Adding to the unreasonableness of Defendants' objections is their possession of the un-redacted APA and schedules from which they know that Plaintiff sold substantially all of Plaintiff assets, which included Plaintiff's computers, business records, electronic records, and its employees, who might have had some of the knowledge of such communications. Defendants' refusal to produce interrogatory answers and requested documents as ordered by the Court, simply by claiming Plaintiff should have them, can hardly have been asserted in good faith. Yet, without Defendants seeking clarification they refuse to provide requested information under this objection to Interrogatories Nos. 1, 5, 6, 11, 12, 14, 15, 16, 17 and 18 and Requests Nos. 1, 4, 5, 7, 8 and 10, and simply refuse to respond without identifying whether or what documents or information exists that they are withholding, if any.

11. Also showing the bad faith in refusing to provide information under that "duplicative" objection are the following: Interrogatory 6 asks for "the communication between Plaintiff and Defendants during the Relevant Period "relating or referring to the guaranty of defendant Jeffrey Hicks…" (they could be oral or written communications). Interrogatories 2 (statements by Defendants), Interrogatory 3 (communications among or between defendants about the claims), Interrogatory 4 (identification of documents relating to Rule 26(a)(2)(A) disclosures (which Defendants have yet to make), Interrogatory 5 (communications relating to purchase orders, which includes those among the defendants), Interrogatory 7 (identify documents supporting a defense to claims or guaranty), Interrogatory 8 (identify facts underlying defenses to claims), Interrogatory 10 (identify factual basis for denials to First Amended Complaint), Interrogatory 11 (identify persons with knowledge of checks issued by Defendants to Plaintiff and the underlying checking account and its balances and related information); Interrogatory No. 12 (asking for identification of persons with knowledge of Defendants' answers to their interrogatories, with Defendants arguing the request is "duplicative as the documents requested are already in the possession of plaintiff."--Documents are not persons, and such an objection is out of line); Interrogatory 13 (identify persons and facts underlying claim that Plaintiff is not owed the $75,880 sought), Interrogatory 14 (identification of documents relating to checking account from which NSF checks issued), Interrogatory 15 (identification of factual basis for denials that emails attached to First Amended Complaint were not sent or received by persons indicated), Interrogatory 16 (identify facts and documents supporting denial that email demand from Plaintiff's counsel and invoices from Plaintiff to defendant were not received, or the underlying produces were not shipped by Plaintiff and received by Defendants), Interrogatory 17 ("Identify all NSF checks issued by Defendants during the Relevant Period" and objecting, "It is unclear what plaintiff is seeking through this interrogatory that is not already available

7

through plaintiff's own Complaint or records.") Part of Plaintiff's burden is showing intent under Illinois' deceptive practices statute, and information about bad checks issued to not only Plaintiff but *others* during the Relevant Period simply cannot be assumed by Defendants, in good faith, to be within Plaintiff's possession; Interrogatory 18 (identify communications related to Defendants'' bad debts or overdue bills during Relevant Period; e.g., just not with respect to Plaintiff); This would include their bank and internal and other related communications that they also cannot in good faith assert that Plaintiff is as likely to have them as Defendants. These are relevant to Defendants' liability for original invoices, NSF check fraud liability, and liability for Hicks' liability to Plaintiff as guarantor of debts as managing member of both JT Naturals LLC and JT Naturals USA LLC. The same is true of Defendants objections to and refusals to respond to the requests to produce documents, other than the 122 attached pages of emails.

12. Defendants refused to answer numerous Interrogatories and Requests to Produce based on attorney client and attorney work product privilege (Interrogatories 1, 2, 3, 4, 5, 9, 11 and 16 and to producing documents responsive to Production Requests 2, 3, 4, 8 and 9). Many of these objections, on their face appear specious, and Defendants do not provide a privilege log as required by the federal discovery rules and there is no way for Plaintiff to determine whether or what documents exist that Defendants are withholding.

13. Defendants' final argument for refusing to provide discovery responses includes rehashing Hicks' motion to dismiss because his initial summons was served a few days beyond 30 days after its issuance, which argument Hicks delayed in making for almost a year after service. Defendants also complain again about not receiving the un-redacted APA and schedules until early 2017, which was the basis for making their denied standing motion. This

argument is not relevant to Defendants' refusals to comply with Plaintiff's this court's order compelling discovery responses long and violation of the federal discovery rules.

14. Defendants also assert without development Plaintiff failed to comply with meet and confer requirements prior to filing the motion for sanctions. Such a process is not required once Defendants violated this court's order, but Plaintiff complied with such requirement to the extent it exists. Plaintiff certified compliance in moving for an order compelling discovery responses. The motion was granted and Defendants were ordered to serve their responses by November 1, 2018 and the court expressly made that a "FINAL Deadline." Rule 37 requires that certification in compelling discovery, but once the court orders a party to comply with the discovery requests, Rule 37 (b)(2) governs the remedy for failure to comply. Local Rule 37.2 similarly applies to "motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure…" This is a motion for sanctions because Plaintiff failed to comply with this court's discovery order. Notwithstanding, Plaintiff's counsel did have several oral and written communications with Defendants' counsel about Defendants' unreasonable discovery positions on November 1, 2018 and between November 1, 2018 and filing the motion for sanctions, and provided a Rule 37.2[5] statement as detailed in Exhibit 8 to the motion for sanctions.

15. Having failed to make any effort to seek clarification before the FINAL Deadline passed, Defendants filed objections and responses that are so unreasonable and deficient, that the Court's November 1st "FINAL Deadline" for Defendants' responses and Rule 29 do not allow the parties to begin a process after that deadline of "what else do you want," even had

---

[5] The Motion for Sanctions contained an errant reference to Local Rule 37.1 in the prelude, rather than the intended LR 37.2, but the motion correctly referenced Local Rule 37.2 in the body of the motion. Thus, the Defendants argument with respect to Local Rule 37.1's affidavit requirement is inapposite.

9

Defendants made a reasonable effort to respond as ordered and required by the discovery rules. Defendants do not get to ignore the FINAL Deadline and then claim they are entitled to have Plaintiff start all over again.

16. *Tribble v. Evangelides*, the sole case cited by Defendants, deals with surprise as to an undisclosed Rule 26(a)(1)(B) expert witness's testimony at trial. It does not justify Defendants violation of this court's discovery order. Rule 26(a)(1)(A)(2) requires Defendants to have provided a considerable amount of the requested discovery before Plaintiff's discovery was even served on them. To date neither Defendant has provided their Rule 26(a)(1) disclosures despite numerous requests, compounding their failure to respond to the outstanding Plaintiff's Interrogatories and requests to produce.[6]

17. Rather, in assessing a "dismissal as a discovery sanction, a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case." *Maynard v. Nygren*, 332 F. 3d 462 (7th Cir. 2003). Plaintiff urges the court to find as evidence of Defendants' bad faith the nature and form of their objections and noncompliance with the discovery rules and this court's order, and their history of delay and violations of court rules before violating this Court's discovery order. Defendants to date have provided no Rule 26(a) disclosures. JT Naturals USA LLC and Hicks dragged out proceedings in the state court by doing nothing and neither filed a motion or responsive pleading in the state court, removing the case instead to avoid answering. Hicks delayed filing his motion to quash summons for nine months after being served, with JT Naturals USA LLC filing no answer or responsive pleading in the interim, although required to do so. Defendants only answered the First Amended Complaint when ordered to do so, and rather than Hicks filing his recent motion to dismiss at

---

[6] See October Email string between undersigned and counsel for Plaintiff memorializing request for Rule 26(a)(1)(A) disclosures and Defendants' counsel's promise to make timely objections, which Defendants did not do. Exhibit 3.

that time, he waited until he faced sanctions in an obvious effort to further delay ruling on his refusal to respond to discovery. Defendants failed to answer interrogatories or to produce requested documents, or parts thereof even when the requests are both clear and relevant, and their failure to seek any clarification until after the FINAL deadline was past, their failure to provide any indication of what documents exist that are being withheld, their failure to identify objections with specificity, their failure to explain their basis for in part refusing to answer outstanding discovery by claiming Plaintiff already has requested information, even if Plaintiff may have at one time had some of the requested information, and their failure to provide a privilege log, all evidence bad faith noncompliance with this court's order and the discovery rules. The mere fact that Defendants produced 122 pages of emails between Defendants' and Plaintiff subsequent to the second dishonoring of the JT Naturals LLC check, but not others, alone suggests the disingenuousness of their objections. The objections were clearly a last minute, hastily drafted document put together at the eleventh hour of the FINAL deadline.

18.     Defendants for the first time in their Response claim that the 122 pages of largely duplicative emails were "all emails in defendant's possession regarding plaintiff." See Response Brief at 5. If true, this suggests Defendants destroyed evidence, with full knowledge litigation was imminent, as the first email they produced was one from VYSE threatening to pursue enforcement of VYSE's rights for nonpayment, their bad checks, and JT Naturals reneging on a payment plan, and included an email from VYSE's counsel to Hicks in the string. Defendants' failure to preserve other relevant emails should have been explained by Defendants. *See also Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008) (a party has a duty to preserve evidence when it knows or should know that litigation is imminent). *Bryant v. Gardner*, 587 F. Supp.2d 951, 967-68 (N.D. Ill. 2008). A sanction can include "awarding reasonable expenses, attorney fees, barring evidence or arguments, permitting adverse

inferences, and dismissing claims or entering default judgment." Id. at 968. Even if emails were destroyed, they make no claim that the other requested documents and information are unavailable. Checking and financial records that would show that at the time the bad checks were issued Hicks and JT Naturals knew there were insufficient funds in the checking account are among the unproduced information. Documents relevant to Hicks operating JT Naturals LLC and JT Naturals USA LLC as one business, and documents relating to Defendants' business relationship with Plaintiff were requested and not produced. Even if requested documents are unavailable, Defendants' refusal to answer the interrogatories is not excused.

19. Defendants also in many instances improperly simply refer as their unsworn conclusory assertions in other pleadings, for example, Interrogatory 13,

> "Identify whether Defendants assert they do not owe Plaintiff the $75,880 sought in this action, or any part of it, and if yes, then identify the facts and documents, if any, on which Defendants claim to support their assertion, including as to each fact or document identifying the person(s) with knowledge of the facts underlying each asserted defense.

To which they respond, "duplicative as the basis for Defendant's defenses are embodied in Defendant's motions, answer, and affirmative defenses."

20. The remedies under Fed. R. Civ. P. Rule 37(b)(2)(A) for Defendants' violation of the discovery rules and this court's order reflect the seriousness of Defendants' violations. Although default judgment against Defendants is warranted, if the court determines that sanction too draconian, it is submitted that it is at least appropriate to order Defendants to produce the requested discovery within seven (7) days and further, to strike Defendants Affirmative or other Defenses and prohibit Defendants from opposing claims in the First Amended Complaint, from introducing evidence in response to a summary judgment motion by the parties or at trial, and to prohibit Defendants from otherwise using any documents or information produced by or in the possession or control of Defendants, or that was or should

12

have been produced by Defendants in discovery, for any purpose in any summary judgment proceedings or at trial of this matter.

21. Further, and in any event, pursuant to Fed. R. Civ. P. Rule 37(b)(2)(C), Defendants should be ordered jointly and severally to reimburse Plaintiff for its attorney's fees expended in bringing this motion. And, that as to such reimbursement of Plaintiff attorney's fees, that Defendants must pay Plaintiff those attorney's fees by a date certain or default judgment should be entered against Defendants jointly and severally for the amounts sought in Plaintiff's First Amended Complaint. This is appropriate given discovery abuse and the public record with regard to Defendant JT Naturals USA LLC dissolved status and Mr. Hicks' questionable ability to pay following his criminal conviction for fraud. Plaintiff should not have to continue adding to Defendants' unpaid debt owed to Plaintiff for Defendants bad faith actions in this litigation, especially if they are judgment proof. See attached Exhibits 4A and 4B.

## Conclusion

Plaintiff respectfully requests this Court to issue sanctions against Defendants for disregard of the federal discovery rules and this Court's order of October 18, 2018, under the most stringent of the permissible sanctions deemed appropriate by the Court. Plaintiff also requests the court to order Defendants to reimburse Plaintiff for its attorneys' fees incurred in presenting this motion for sanctions and briefing.

Dated: January 4, 2019          Respectfully submitted,

                                       VYSE GELATIN COMPANY nka VyGC Inc.

                                       By: /s/ Mark E. Furlane
                                              Mark E. Furlane (ARDC #0897175)
                                              Berger, Newmark & Fenchel P.C.
                                              20 N. Wacker Drive, Suite 910
                                              Chicago, IL 60606
                                              Telephone: (312) 704-7223
                                              mfurlane@bnf-law.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on January 4, 2019 he e-filed this motion through the Court's CM/ECF system which will cause copy of the document to be delivered electronically to the counsel of record for defendant(s) shown below:

> Ankur V Shah, Esq.
> Shah Legal Representation
> 333 South Wabash Ave., Suite 2700
> Chicago, IL 60604
> Email: ash@shahlegalrep.com

/s/Mark E Furlane